## GREEN *v.* GARCIA, Sheriff.

Where an attachment is set aside, the costs must be paid by the plaintiff. The sheriff has no right to retain the property, until his costs are paid ; and when he refuses to deliver it to the defendant under such a pretext, he will be answerable for any injury the latter may sustain thereby.

The allowance of interest on damages *ex delicto* from the date of the act complained of, is unauthorized by law.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Hiestand* and *Preston*, for the plaintiff. Where an attachment is set aside the plaintiff in the attachment is alone bound for the costs. C. P. 549, 550. 7 Rob. 77. 10 Rob. 148. 1 Pickering, 57. Interest may be allowed under a prayer for general relief.

C. M. *Conrad*, for the appellant. The sheriff had a right to retain the property attached until reimbursed all the necessary expenses incurred in its safe keeping. C. C. 3191, 3192. No interest should have been allowed: *first*, because the action was one for unliquidated damages (7 La. 134, 599. 13 La. 2/1. C. P. 554); *secondly*, because there is no prayer for interest. C. P. 553. 8 Mart. N. S. 622.

The judgment of the court was pronounced by

ROST, J. This is an action for damages against a sheriff, for refusing to restore to the plaintiff property which had been attached, after the dissolution of the attachment, in consequence of which refusal it is alleged that the property was lost. The answer denies the allegations of the petition; avers that the property was unsound when levied upon ; that it was in part disposed of by the plaintiff, after the attachment; and that the plaintiff, having taken upon himself the care of it, has no recourse against others. This case was tried three times in the first instance. On the first trial, the plaintiff obtained a verdict for $1,500, which, on application of the defendant, was set aside, and a new trial granted. On the second trial, the jury did not agree; and, on the third,

the plaintiff obtained a verdict and judgment for $1,388, with interest on those damages, from June, 1841, till paid. The defendant has appealed.

On the facts of this case, as disclosed by the evidence, the only question before us is, in relation to the amount of damages to which the plaintiff is entitled. The defendant, when asked to restore the property, did not allege that he had no legal notice of the dissolution of the attachment, but insisted upon retaining it until his costs were paid. This he had no right to do; the attachment having been set aside, the costs were to be paid by the attaching creditor. See the case of *Fink et al.* v. *Martin et al.*, 10 Rob. p. 147. 7 Rob. p. 77. C. P. 549, 550.

In overruling the motion of the defendant for a new trial, after the last verdict, the district judge observed, that he was very far from thinking that justice had been done by the verdict; but that, in order to prevent farther delays, he preferred sending the case before a tribunal who could pass finally upon it. We believe with our learned brother, that justice has not been done. The amount allowed is excessive, and the interest unauthorized by law. It is clearly proved that the potatoes attached had begun to decay before the attachment; that, during its continuance, the plaintiff remained on board with his hands, selecting the sound ones, selling them as opportunities offered, and throwing overboard those which were rotten. Witnesses state that not more than one, fourth were sound, and that even those were of inferior quality. *Richardson*, who purchased 50 barrels before the boat was attached, at $1 25 per barrel says that the potatoes were then unsound; and that, had he known the quality he would not have given 50 cents a barrel for them. Other witnesses testify that when the boat was sunk, there only remained a few hundred barrels of potatoes, the remainder having either been sold or thrown overboard, and the other articles attached having been disposed of by the plaintiff himself.

It is true that this testimony conflicts with that of the men who had navigated the boat and of some other witnesses. But much of this testimony bears evident marks of partiality and exaggeration. We are satisfied that $500 will fully cover the damages sustained by the plaintiff, in consequence of the wrongful act of the defendant.

It is, therefore, ordered that, the judgment in this case be reversed; and it is further ordered that the plaintiff recover of the defendant the sum of $500, with the costs of the court below, those of this appeal to be born by the said plaintiff and appellee.