GARDES
v.
SCHRODER et al.

---

## PETER HEFT v. HARRY KELTY.

An appeal will lie from a judgment on a rule in the court below dismissing an opposition to an order of seizure and sale.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *J. Molloy* for defendant and appellant.

*Thos. H. Howard for plaintiff.*—1. The appeal was granted on a rule to show cause, moved by defendant, for the purpose of quashing the writ of seizure and sale, and after all the proceedings in the cause were closed. Such judgment was not a final judgment, nor an interlocutory judgment,

nor a judgment in the cause; but was a judgment posterior to all these. C. P. 565, 566.

2. It was a judgment on a rule, which was itself a departure from the course of practice, the defendant not availing himself of his legal remedy. It did not work irreparable injury, nor could it, by its nature, have worked any consequences adverse to defendant, It was designed to arrest the lawful proceedings of plaintiff without right and without penalty. C. P. Art. 298, and statute of April 7, 1826, p. 170, § 9.

3. All consequences, legal and direct, and all injury, if any there were, were, and must have been, caused by the order of seizure and sale, which was rendered October 20, 1865. From this defendant had his right of appeal, which right expired by limitation, October 21, 1864. C. P. Art. 593.

LABAUVE, J. The plaintiff obtained an order of seizure and sale, on the 20th October, 1863, against a mortgaged lot of the defendant, to satisfy a note of $800.

On October 31st, 1863, the defendant obtained a rule, as follows:

" On motion of J. Molloy, of counsel for defendant, it is ordered that plaintiff, P. Heft, and T. E. Dunham, sheriff, show cause, on Wednesday, the 4th of November, 1863, at 10 o'clock A. M., why they should not cease proceedings under the order of executory process issued in the above case, on the ground that the same is in violation of Military Order No. 15, dated February, 1863; and further, why said order should not be revoked and rescinded."

On the 6th November, 1863, this rule was dismissed, with costs, and from which decision the defendant took a devolutive appeal.

The plaintiff and appellee has filed a document, which is taken to be a a motion to dismiss this appeal, on the grounds, in substance: " That the judgment rendered on the rule is not a final judgment, nor an interlocutory judgment, nor a judgment in the cause, etc."

This rule must be viewed as an answer, or an opposition, to the order of seizure and sale, going to show that the order of executory process had improvidently been issued and that it ought to be set aside. The judgment upon the rule was certainly a final judgment, and either party had the right to appeal. Suppose that the judgment had made the rule absolute, would not the plaintiff and appellee have been entitled to an appeal? The answer must be in the affirmative.

Motion to dismiss overruled.

HOWELL, J., recused.