## MARIN *v.* LALLEY.

1. The order of seizure and sale called "executory process," made in Louisiana when the mortgage "imports a confession of judgment," is in substance a decree of foreclosure and sale, and therefore a "final decree;" especially when made after objections have been made and heard.
· 2. When a proceeding below is in its essential nature a foreclosure of a mortgage in chancery, an appeal is the only proper mode of bringing it here.

ON motion to dismiss an *appeal* from the Circuit Court for the District of Louisiana; the case being thus:

In Louisiana a mortgage creditor may apply to a judge at

chambers, or in court, upon non-payment of the mortgage debt, and obtain from him an order of seizure and sale, when the mortgage imports a confession of judgment. . It is said to import such confession when the mortgage has been "passed before a notary public in the presence of two witnesses-and the debtor has declared or acknowledged the debt for which the mortgage is given."* The order of seizure and sale, called executory process, is said to be issued as upon a judgment by confession.

The Code of Practice requires that three days' notice be given to the debtor;† and the judge is required to examine and "decide whether the instrument unites all the requisites of the law necessary to authorize this summary proceeding."‡

In this state of law Marin and others having passed to Lalley their mortgage, executed in the manner mentioned, Lalley, on the 28th of March, 1872, filed his petition in the Circuit Court of the United States, praying for executory process on it. Upon this petition an order was made thus:

"ORDER.

"Let executory process issue as prayed for, and according to law.

W. B. WOODS,
"Judge.

"March 28th, 1872."

On the 4th of April, 1872, a petition for writ of error was granted to operate as a supersedeas, and a writ of error, bond and citation, were issued and served accordingly.

On the 11th of April the defendants filed their objection to the order for executory process and prayed that the same be quashed.

On the 16th of April, "the cause coming on for hearing *on the opposition and answer of the defendants to the order for*

---

* Code of Practice, art. 733, p. 304; Harrod *v.* Voorhies's Administratrix, 16 Louisiana, 256.

† Code of Practice, art. 735, p. 304.

‡ Harrod *v.* Voorhies's Administratrix, 16 Louisiana, 256.

*executory process,* herein granted on the 28th day of March, 1872, and on the application therein to quash the writ of seizure and sale"—it was ordered "that the writ of seizure and sale be quashed as prematurely issued, that opposition be dismissed, and that the order of 28th of March, 1872, be now made final." An order was then entered, that the writ of error originally filed, and which was set aside on the 16th day of April, be now reinstated to operate as a supersedeas, and that the' said order setting "aside the said writ be cancelled and annulled."

A rule was then taken by the petitioner, for reasons stated, to set aside and annul the reinstatement of this writ of error and-the supersedeas.

On the 8th of May it`was ordered "that all decrees herein made, subsequent to the last order granted by the presiding judge be vacated and rescinded, leaving to the parties their remedy, if they see fit to do"so, to file a° bill on the equity side of the court and apply for an injunction upon good cause shown."

Another opposition to the seizure and sale was filed on the 9th of May, and in this involved condition of the case it was ordered, on the 10th of May, by the district judge, "that the matter be submitted to his honor, *the circuit judge.*"

On the 25th of May the circuit judge ordered "that the said opposition be dropped from the docket," and on the 3d of June he ordered "that the objections and answers of the defendants to the order and seizure of sale be overruled."

On the 13th of June the defendants prayed for an *appeal,* "from the order for executory process, 28th of March, 1872, and made final on the 3d of June, to operate as a supersedeas upon giving bond for costs and all just damages for delay only."

Whereupon it was ordered by the district judge that an *appeal* be granted to operate as a supersedeas, and that said *appeal* be made returnable to-the Supreme Court on the first Monday of December, 1872.

A bond was approved and filed in the penalty of $1000, conditioned to pay such damages and costs as may accrue

in case it should be determined that " the said appeal was wrongfully obtained."

The citation, dated the 14th June, summons the party to appear pursuant to a motion for appeal.

*Mr. P. Phillips, in support of the motion to dismiss :*

1st. The order for executory process is not a " final judgment" which can be reviewed by writ of error.

2d. The proceeding being on the law side of the court an appeal does not lie, even if there were a final judgment.

The case of *Levy* v. *Fitzpatrick*,* decided in 1841, and which was a case coming from the same court as the present, shows that a writ of error will not lie on an order for executory process.

*Mr. T. J. Durant, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

As the Code of Practice requires that three days' notice be given to the debtor, and the judge is required to examine and decide whether the instrument unites all the requisites of the law necessary to authorize this summary proceeding, his decision is a judgment or decree, and an appeal lies from it; for it may be erroneously made on evidence not warranting the issuing of the executory process.† It is in substance a decree of foreclosure and sale, which has repeatedly been held to be a final decree.‡

In the case before us it seems there was an appearance by the defendants, who filed their objections, which were overruled. Some further proceedings were had, and an appeal was allowed by this court to operate as a supersedeas.

If there were any doubt as to the finality of the original order, there can be none that it became final when the answer and objections were overruled. That order seems to

---

* 15 Peters, 167.

† Harrod *v.* Voorhies's Administratrix, 16 Louisiana, 256.

‡ Ray *v.* Law, 3 Cranch, 180; Whiting *v.* Bank of the United States, 13 Peters, 15; Bronson *v.* Railroad Co., 2 Black, 524.

have been made contradictorily with the debtors. Their opposition was overruled and their property decreed to be seized and sold to pay their debts.* This case is quite distinguishable from that of *Levy* v. *Fitzpatrick.*† In that case there was an order for executory process upon a mortgage where the debtors resided in different States, but having signed and acknowledged the mortgage, were presumed, according to the law of Louisiana, to be before the judge. This court would not entertain an appeal from a judgment rendered by the Circuit Court against any defendant who had not been actually served with process and had entered no appearance.

Incidentally, it is true, the court held the order not to be a final judgment according to the laws of Louisiana. But this was said of the original order, without the three days' notice and without any act on the part of the debtors.

In the present case the debtors appeared by their opposition, which was overruled and the original order made final. In such a case, the opinion of the court shows that the writ of error would have been sustained, apart from the objections growing out of the want of service of parties. We have held, however, in the case of *Walker* v. *Dreville,*‡ that no writ of error lies, where the proceeding below, in its essential nature, is a foreclosure of a mortgage in chancery. If this case had been brought here by writ of error, as the case of *Levy* v. *Fitzpatrick* was, it must have been dismissed. The only proper mode of bringing it here was by appeal.

From what has been said it follows that the motion in the present case must be

DENIED.

---

* Martin, J., dissenting, in Grant v. Walden, 6 Louisiana, 635.
† 15 Peters, 170.
‡ 12 Wallace, 440.