BOATMEN'S SAVINGS BANK v. WAGENSPACK.*

(*Circuit Court, E. D. Louisiana.* April, 1882.)

1. EXECUTORY PROCESS UNDER ARTICLES 732 TO 753 OF THE LOUISIANA CODE OF PRACTICE.

An order of seizure and sale, unless there is opposition, is a final order; if there is opposition, it is a mere process introductory to a litigation.

*Peters* v. *Fitzgerald*, 15 Pet. 167, followed.

2. SAME—ORDER OF SEIZURE AND SALE.

When the issue is made up by the opposition, the order of seizure and sale, though first in the point of time, becomes merely an incident in the cause, and when the cause is transferred to the circuit court the order comes as a part of it, under section 4 of the act of March 3, 1875, (18 St. 471,) and there the practice in equity governs.

*Marin* v. *Lalley*, 17 Wall. 14, followed.

*David N. Barrow* and *George L. Bright*, for complainants.

*J. R. Beckwith*, for defendant.

BILLINGS, D. J. This cause is submitted on a rule to show cause why the order for executory process should not be set aside as having been granted upon insufficient evidence.

An order of seizure and sale had been issued in one of the state courts. An opposition had been filed and an injunction obtained, when the cause was, upon the petition of the mortgagor, removed to this court, where he has taken this rule.

It is objected (1) that this is a motion for a new trial of a matter tried and adjudged in the state court, or an effort to enjoin a cause or proceeding pending or undecided in a state court. The sufficiency of this objection depends upon whether the order of seizure and sale has been transferred to this court, or now remains as a decree in the

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

state court. It is objected (2) that the order for seizure and sale cannot be reviewed upon an order to show cause, but only upon an appeal. The conclusiveness of this objection, as well as that of the first, must depend upon the nature and character of this order under our law, and therefore I shall consider both objections together. The record shows the petition for an executory process; a conditional order for such a process, i. e., an order that there be a seizure and sale, after due demand, the lapse of three days, a writ of seizure and sale, the filing of an opposition and an injunction granted restraining the Boatmen's Savings Bank from further proceeding by executory process with the execution of the order of seizure and sale issued in the above-entitled cause, or from seizing the mortgaged property; a responsive pleading, termed a peremptory exception, filed by the party who claims as mortgagee; and lastly a petition in a cause entitled Boatmen's Savings Bank to the mortgagor, by the mortgagor, for a removal, and an order in a cause similarly entitled that "this cause be removed."

There had been a conditional order of sale, an injunction of that order, an exception, and a transfer of the cause. It is the cause which is transferred. What is the cause? The C. P., arts. 732 to 753, inclusive, gives this right to executory process, and the manner in which it may be judicially resisted and finally arrested. The mortgage creditor may seize, the mortgagor may oppose and enjoin, and thus the issue is made. That issue is as to the right of the mortgagee to have the summary process, and that issue constitutes the cause or controversy. If the judgment is in favor of the mortgagee the seizure and sale are enforced. If in favor of the mortgagor, they are perpetually enjoined. The cause or controversy includes all the proceedings incidental to its decision. Jurisdiction is obtained, and can be operative only by control over the seizure. The removal of the cause, therefore, brings all orders issued therein. The order of seizure and sale, unless there is opposition, is a final order; if there is opposition, it is a mere process introductory to a litigation. This view is distinctly announced by the supreme court of the United States in *Levy* v. *Fitzpatrick*, 15 Pet. 167. This is also the view of the supreme court of this state as to the nature and function of this proceeding. In *Hurrod* v. *Voorhies*, 16 La. 256, the court says:

"But such a decree is not a judgment, in the true and legal sense of the term, and possesses none of its features. It issues without citation to the adverse party; it decides on no issue made up between the parties, nor does it adjudicate to the party obtaining it any right in addition to those secured by his notarial

contract. If such an order was a real judgment, it would be out of the power of the judge granting it to set it aside. After rendering this decree he would be divested of all jurisdiction, and it could be reversed only by means of an appeal, or a separate action of nullity; whereas it is every-day practice for the judge issuing such orders to set them aside on an order to show cause or an opposition; and in most cases the proceedings are turned into an ordinary suit, in which a final judgment is afterwards rendered. Such a decree, then, can be viewed only as giving the aid of the officers of justice to execute an obligation, which by law produces the effects of a judgment in relation to the particular mortgaged property."

These orders are issued in France by notaries, who are there *quasi* judicial officers.

The order for executory process is in form a decree or judgment, but it is in substance only an order *ex parte,* founded on the consent of an absent defendant, and only a proceeding *in rem;* for no judgment can be given against the mortgagor for any deficiency. When the issue is made up by the opposition, this order, though first in time, becomes merely an incident to a cause. When the cause is transferred to the circuit court, this order comes as a part of it. Section 4 of the act of March 3, 1875, provides that "all orders and other proceedings had in such suit prior to its removal shall remain in full force and effect until dissolved or modified by the court to which such suit shall be removed." That is, they become the orders of the circuit court.

It is urged that the decision of *Barrow* v. *Hunton,* 99 U. S. 82, is in point. But the distinction is that there was a final judgment, the definitive character of which was absolute, and the question was whether any other court could by its decree operate upon it to annul it. Here is no judgment, provided there is an opposition, but only an order which initiates a judicial controversy, and the maintenance of which depends upon the result of that controversy.

There is no doubt but that, as is contended by the solicitors for the mortgagor, it is well settled now by the supreme court of the state that the order for executory process can be reviewed only by appeal. See *City of Shreveport* v. *Flournoy,* 26 La. Ann. 709; *Heft* v. *Kelty,* 17 La. Ann. 143; *Naughton* v. *Dinkgrave,* 25 La. Ann. 538. But this result has been reached merely as a rule of practice and not from the intrinsic nature of the proceeding, and as a rule of practice it ceases to have any force when the cause is transferred to the equity side of the United States circuit court; there the practice in equity governs. By that practice even a final decree may be set aside at any time during the term at which it is rendered. *A fortiori,* a pro-

visional interlocutory order may be so set aside. That such a cause pending in the circuit court is to be dealt with as a cause in equity, is decided in *Marin* v. *Lalley*, 17 Wall. 14.

Now, as to the manner in which this matter of the insufficiency or incompetency of the authentic proof can be passed upon. It seems to me that that is the entire controversy, and that it must be passed upon by the court by a final decree, otherwise the chief and in this case the only question in the case would be decided by an interlocutory order, without any termination of the cause, and in case the decision should be in favor of dissolving the order, would leave the mortgagee without opportunity to continue his seizure by a suspensive appeal, which, in justice, he ought to be placed in a position to have, and would deprive him of the right to elect to turn his proceedings into a suit for foreclosure *via ordinaria.*

The rule is, therefore, discharged, as presenting a matter which must be considered upon a final hearing, when a decree can be rendered which will dispose of the case.