Ewell, Adm'x, *v.* Chicago & N. W. Ry. Co.

*Circuit Court, S. D. Iowa, W. D.*  September Term, 1886.)

1. STATUTE OF LIMITATIONS—NEGLIGENCE—ACTION FOR DAMAGES FOR CAUSING DEATH.—CODE IOWA, § 2527.

  Section 2527 of the Iowa Code, giving a right of action for a wrongful injury causing death, and declaring that "such action shall be deemed a continuing one, and to have accrued to such representative or successor at the same time as it did to the deceased if he had survived," gives one and not two rights of action,—one to the deceased and the other to his estate,—but one which accrues at the same time as it would have accrued had deceased survived.

2. SAME—EXCEPTIONS—COMMENCEMENT OF ACTION.—CODE IOWA, § 2532.

  Under section 2532 of the Iowa Code, providing that "placing the notice in the hands of the sheriff for immediate service  *  *  *  shall, so far as the statute of limitations is concerned, be deemed the commencement of the action," the delivery of the notice to the sheriff, and not the filing of the petition. is the commencement of the action.

At Law.  Action for damages for negligently causing the death of plaintiff's intestate.  Demurrer to answer.

*Mr. Warren* and *Jacob Sims*, for plaintiff.

*John N. Baldwin* and *N. M. Hubbard*, for defendant.

SHIRAS, J.  In this action, plaintiff, as the administratrix of the estate of Charles A. Ewell, seeks to recover damages against the defendant company on the ground that Ewell's death was caused by the negligence of the company.  From the record it appears that Ewell was injured on the fifteenth day of August, 1883, by a train on defendant's road at Missouri Valley, Iowa; that he lived from one to three hours after receiving the injuries resulting in his death; that plaintiff was appointed administratrix of his estate in the spring of 1885; that the petition in this cause was filed in the district court of Harrison county, Iowa, on the twenty-ninth day of May, 1885; that no original notice was issued or served in the case; and that the defendant company entered its appearance in the action on the twenty-fifth day of August, 1885, at which time the company filed an answer, and also a petition for the removal of the cause to this court.

The demurrer presents the question of the statute of limitations, and in its determination it is necessary to ascertain when the action was commenced, and when the cause of action accrued.

Section 2599 of the Code enacts that actions in a court of record shall be commenced by serving the defendant with a notice signed by the plaintiff or his attorney.  Section 2532 provides that the placing the notice in the hands of the sheriff for immediate service or actual service upon defendant, by some third person, shall, so far as the statute of limitations is concerned, be deemed to be the commencement of the action.

In *Collins* v. *Bane*, 34 Iowa, 385, it appeared that the petition was filed January 28, 1870, but the notice was not delivered to the sheriff

for service until June 17, 1870. On the nineteenth of April, 1870, an act of the legislature took effect, repealing section 2742 of the Revision, which was part of the statute of limitations, but providing that the repeal should not affect the rights of parties in actions pending at the time of the passage of the act. The supreme court of Iowa held that the repeal did affect the parties in that suit, because it was not the filing of the petition, but the delivery of the notice for service to the sheriff, that was the commencement of the action.

In the case at bar, therefore, the filing of the petition was not the commencement of the suit, and the period of limitation continued to run until the notice was issued for service, or the defendant, by a voluntary appearance to the action, obviated the necessity of service of the notice. It is admitted that no notice was ever issued or served, but that the defendant entered an appearance on the twenty-fifth day of August, 1885, and this, therefore, must be taken to be the date when the statute ceased to run.

By the provisions of section 2529 of the Code of Iowa, actions of this character are barred within two years "after their causes accrue." Hence the present action cannot be maintained, unless the cause thereof accrued within two years prior to August 25, 1885.

On behalf of plaintiff it is argued that under the facts of this case, and the provisions of section 2526 of the Code, two causes of action against the defendant have accrued,—one in favor of the party injured, and one in favor of his estate. As it is admitted that Ewell was not instantly killed, but lived from one to three hours after receiving the injuries causing his death, it is clear that before his death a cause of action had vested in him, and, under section 2525 of the Code, the same passed to his administratrix upon his death. *Kellow* v. *Central Iowa Ry. Co.*, 23 N. W. Rep. 740; S. C. 27 N. W. Rep. 466; *Muldowney* v. *Central Ry. Co.*, 36 Iowa, 468. Whether the subsequent death of the party injured constituted, under the statute, a new cause of action in favor of the estate of the deceased, and for which an independent action might be brought, was discussed by the supreme court of Iowa in *Sherman* v. *Western Stage Co.*, 24 Iowa, 515, but was not authoritatively decided. If it be held that, under such circumstances, a new or additional right of action is not created or conferred by the statute, then, in the case at bar, the right of action having accrued to the deceased during his life-time, the period of limitation began to run at the date of the wrongful act which caused the injury to the deceased, to-wit, August 15, 1883. Having commenced to run during the life-time of the party, no subsequent disability will suspend it unless the statute expressly so provides. *Sherman* v. *Western Stage Co.*, 24 Iowa, 515; *Hogan* v. *Kaertz*, 94 U. S. 773; *Harris* v. *McGovern*, 99 U. S. 161; *McDonald* v. *Hovey*, 110 U. S. 619; S. C. 4 Sup. Ct. Rep. 142. None of the exceptions in the statute of Iowa are applicable to the case; and it follows that the limitation of two years, having commenced to run on

the fifteenth of August, 1883, became complete on the corresponding date in 1885, and would bar this action, as the same was not brought until the twenty-fifth of August, 1885.

If, however, the statute is to be construed to create, in favor of the estate, a cause of action other and distinct from that accruing to the person injured, then the question to be determined is, when does the statute begin to run as against such an action? The usual rule is that the statute begins to run when the right of action accrues; and, unless otherwise provided in the statute, the right of action is not deemed to have accrued until there is a person authorized to prosecute the same. Wood, Lim. 8; *Sherman* v. *Western Stage Co.*, 24 Iowa, 515. If the statute remained unchanged, the ruling of the court in *Sherman* v. *Stage Co.* would be conclusive on the question, as it was therein held that if the cause of action accrued to the estate, and not to the deceased during her life-time, then the statute did not begin to run until an administrator had been appointed. That cause was decided under the provisions of the Revision, and the question is whether the Code of 1873 has changed the statute in this particular.

Section 2525 of the Code declares that all causes of action survive, and section 2526, that the right of civil remedy is not merged in a public offense, and that, when a wrongful act produces death, the damages shall be disposed of as personal property; and the first sentence of section 2527, that "the actions contemplated in the two preceding sections may be brought, or the court on motion may allow the action to be continued, by or against the legal representatives or successors in the interest of the deceased." So far, these sections substantially re-enact the provisions of sections 3467, 4110, and 4111 of the Revision. Then follows, as part of section 2527, the following: "Such action shall be deemed a continuing one, and to have accrued to such representative or successor at the same time it did to the deceased if he had survived." No such provision existed in the Revision of 1860. Its enactment as part of the Code of 1873 is evidence of an intent, on part of the legislature, to either change the law, or render certain that which was left in doubt under the wording of the statute previously in force.

The discussion in *Sherman* v. *Western Stage Co.* showed that the judges then composing the supreme court of the state were not agreed in the interpretation of the statute in this particular, although they had agreed in holding that in case of instantaneous death the statute as then in force did not begin to run until an administrator was appointed. One of the points in dispute, and upon which no agreement was reached, was, in case the death resulting from the wrongful act was not instantaneous, whether two causes of action would arise,— one in favor of the party injured, and vesting during his life-time, and one in favor of his estate. As the law was left by that decision, it followed that if a wrongful act produced instant death the statute did not begin to run until an administrator was appointed, which

might be done at any time within five years, thus allowing an action to be maintained if brought within seven years after the death occurred.

In this condition of the law the legislature enacts the clause above cited. The declaration is that such action shall be deemed a continuing one, and to have accrued to the representative at the same time it did to the deceased if he had survived.

In argument, counsel for plaintiff urge that the use of the words "such action shall be deemed a continuing one" shows that the clause applies only to actions brought during the life-time of the deceased. Such a construction would deprive the amendatory clause of all significance. Under other sections of the Revision and of the Code, actions pending would not be ended by the death of a party, but could be continued by the proper representative, and would be deemed to be continuing actions. The provision in question must be held applicable to all actions contemplated in section 2526, and, as applied to cases of the character of the present one, the several clauses of sections 2526 and 2527 read as follows: "When a wrongful act produces death, the damages shall be disposed of as personal property belonging to the estate of deceased; and an action to recover the same may be brought by the legal representative of the deceased, and such action shall be deemed a continuing one, and to have accrued to such representative at the same time it did to the deceased if he survived."

There is no doubt that, if the party injured had survived, the cause of action would have been deemed to have accrued to him at the date of the wrongful act which forms the basis of the action against the wrong-doer. Under this construction of the statute as amended, it follows that the cause of action sued on must be deemed to have accrued on the fifteenth day of August, 1883; and, as two years had elapsed after that date before this action was brought, the limitation defeats the recovery.