## Appeal of Amole's Administrators.

1. The Statute of Limitations begins to run at the date suit may be commenced; and, once begun, it is not stayed by the death of the party in whose favor the right of action accrued. If no right of action accrued prior to the death, none will accrue until grant of administration, and the statute runs from such grant.

2. The marriage of the mother, and only heir at law, of the original holder of a promissory note, who died intestate, to one of the makers of said note, will not suspend the running of the Statute of Limitations against it, if it has begun to run.

3. Marsteller *v.* Marsteller, 12 Norris, 350, followed.

February 10th, 1887. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and CLARK, JJ. PAXSON and GREEN, JJ., absent.

APPEAL from the Orphans' Court of *Chester county:* Of January Term 1887, No. 63.

Appeal of Jonathan H. Kulp and Eber C. Amole, administrators of the estate of Jonas Amole, deceased, from the decree of said court confirming the report of the Auditor, H. T. Fairlamb, Esq., distributing the fund in the hands of the administrators, *inter alia,* to the administrator of Sarah A. Amole, deceased, the amount of a certain promissory note dated 24th January, 1874, made by Thomas Beekley, principal, and Jonas Amole as surety for $100, and payable to the order of Mary A. Smith twelve months after date.

The facts of the case sufficiently appear in the opinion of the Supreme Court.

*A. Wagner,* for appellants.—The statute had barred the

claim at death of decedent. It was stale, and did not fix itself upon the trust to share in a distribution of his estate: York's Appeal, 17 W. N. C., 17, 33.

The statute begins to run at the time of the right accruing: Purdon's Digest of '72, page 931, sec. 18; Beal *v.* Steahley, 9 Harris, 384.

A transfer of claim does not extend the time of running of the statute, nor the death of the party: McEuen *v.* Girard, 2 R., 311; Sanford *v.* Sanford, 62 N. Y. (17 Sickles), 553.; Smith *v.* Hill, 1 Wils., 134; Collerslee *v* Dutton, 4 Taunt., 826; Hogen *v.* Kurtz, 94 U. S. (4 Otto), 773.

A party cannot stop the running of statute by his own negligence, or any arrangement for his own convenience: Steele *v.* Steele, 1 Casey, 156; Milne's Appeal, 3 Out., 483.

In the latter case His Honor, Justice GORDON, says that " the delay having arisen from no legal or political necessity, but from the voluntary act of the creditor, the bar of the statute is effective to defeat the appellee's claim."

The proviso, exempting a *feme covert* from the effect of the statute, requires that she must be such, at time of right accruing: Purdon of '72, page 932, sec. 21.

The marriage of Mrs. Amole, more than three years after the statute had begun to run, clearly is not a case within the exemption. Coverture, after the running of the statute commenced, is no bar: Wait's Actions and Defences, 7, p. 225, 238, 242 and 282; Jackson *v.* Robins, 15 Johns, 169.

*William M. Hayes,* for appellee.—At the time of the marriage, the note had been due for two years. After the marriage, we allege that the Statute of Limitations ceased to run as between husband and wife.

Kurtz's Appeal is very similar in its facts to this case. There, the husband and another were indebted to a wife on the note. In delivering the opinion of this court, STRONG, J., says: " In Towers *v.* Hagner, 3 Wharton, 48, it was ruled that, when a wife lends the income of her separate estate to her husband, the Statute of Limitations does not begin to run against her claim until the death of the husband. The reason given was that, until then, she cannot sue. The debt exists, but the remedy is suspended. The same reason exists in the present case, and is equally efficient to protect the appellant against the operation of the Statute of Limitations:" 4 Wright, 94.

Mr. Justice STERRETT delivered the opinion of the court, February 28th, 1887.

In January, 1874, Thomas Beckley and Jonas Amole made

their joint and several note, at twelve months, for $100, with interest, to the order of Mary A. Smith, who, in October of the following year, died intestate, leaving to survive her Sarah A. Smith; her widowed mother and only heir at law. Less than two years thereafter, Mrs. Smith married Jonas Amole, one of the makers of the note. He died in April, 1885 ; and in June of same year his widow, Sarah A. Amole, died intestate, leaving collateral heirs. After the death of Mrs. Amole, in 1885, letters of administration of her estate, and also of the estate of her daughter, Mary A. Smith, were granted to Jacob S. Smith, on whose petition an Auditor was appointed to distribute balance in hands of appellants, as administrators of Jonas Amole. As administrator of Mrs. Amole, Smith presented the note, and claimed to participate in the distribution. The claim was resisted on the ground, *inter alia*, that it was barred by the Statute of Limitations.

In addition to the facts above stated, the learned Auditor found that, on the death of Mary A. Smith, the note passed to and became the property of her mother who, as above stated, afterwards married Jonas Amole, appellants' intestate ; that the note was in fact the property of Mrs. Amole at the time of her death in June, 1885, and hence an asset of her estate. He also found that the only payment on the note was one year's interest, paid by Beckley, the principal, in March, 1875; that nothing was ever paid thereon by the surety, Jonas Amole.

Assuming the Auditor's findings of fact to be correct, and we think they are, the sole question is whether the note was barred by the Statute of Limitations. He held it was not, because the operation of the Statute was suspended by the marriage of Mrs. Smith to Amole, one of the makers of the note, about two years after its maturity. In his report he says : "Sarah A. Smith married Jonas Amole not later than 1878, and at that time the Statute had not barred the collection of the note from Jonas Amole. If, therefore, this note belonged to Mrs. Amole after the death of her daughter, and at the time of her own death, the Statute is not a bar to its collection, and it should be paid out of the fund for distribution."

In view of the facts found by him, we think the Auditor erred in the conclusions drawn therefrom. It will be observed that the note matured in January, 1875, and suit might have been brought thereon by the payee in her lifetime, and afterwards by her mother before her marriage to Jonas Amole. Having thus commenced to run against the note, the Statute continued to run, notwithstanding the death of the payee, and the subsequent marriage of her mother to one of the makers

of the note. This principle is clearly recognized in Marsteller v. Marsteller, 93 Pa., 350. In that case an action of debt was brought by the wife's administrators against her surviving husband to recover money of her separate estate loaned to him during coverture, and recovery was sustained because, the debt having been contracted during coverture, the Statute did not commence to run until letters of administration on the wife's estate were granted. If the money had been loaned and a right of action had accrued before their marriage, the result would have been different. The Statute, as was held in the case cited, begins to run at the date suit may be commenced, and once begun it is not stayed by the death of the party in whose favor the right of action accrued. If no right of action accrued prior to the death, none accrues until grant of administration, and the statute runs from such grant. The operation of the Statute, in such cases, was so fully considered by our brother TRUNKEY, in the case referred to, that it is unnecessary to do more than refer to his opinion and the authorities there collected. The underlying principle of that case rules the one before us.

> Decree reversed at the cost of the appellee, and record remitted to the Orphans' Court with instructions to distribute the fund in accordance with this opinion.