Douglass, C. J.,
Marie-Eronce brought her action in the court below against John H. Nichols, M. D., alleging in her petition a state of facts which makes her action against him one for “mal-practice.”
The petition is in due form containing all the usual averments. To this petition a demurrer was interposed in the court of common pleas and sustained by said court. Error is prosecuted to this court to reverse that judgment in so sustaining said demurrer. This is the sole question.
The petition reads as follows:
“The defendant is a practicing physician and surgeon, in the city of Mansfield; county of Richland and state of Ohio, and was such at the'time of the aggrievances hereinafter mentioned.
“On the 28th day of September, 1898, the plaintiff suffering at the- time with appendicitis, employed the defendant holding himself out as a surgeon, at his request as such sur-geon; to perform the ■ surgical' operation necessary to be performed of and because of said appendicitis.
*540 “Said defendant thereupon entered on said employment, but was so negligent and unskillful in performing said operation and in attending and dressing said wounds, so made, in an unskillful and unprofessional manner by using a metallic wire.
“The said metallic wire so used, caused an irritation, and nature in attempting to throw it off, caused puss to form and a disintegration of the abdominal walls.
“That in July 1899, said wires so used, began showing themselves on the surface and coming out.
“That plaintiff consulted said defendant, who ordered her' to cut them off as they came out, but neglected to make any investigation or to furnish any relief.
“That said irritation kept growing worse and the wires kept coming out, and as they would come out, plaintiff following defendant’s direction, would cut them off, until of the 21st of’ March, 1900, plaintiff called on Dr. Boals, a practicing physician and surgeon, to make an examination and he, the said' Boals, in connection with Dr. Roughridge, a practicing physician, made a thorough examination of plaintiff’s condition and discovered the plaintiff was suffering from a ventral hernia or rupture, caused by the destruction and giving way of the abdominal walls.
“Plaintiff says that this ventral hernia or destruction of the abdominal walls was so caused by the metallic wire, so unskillfully and-so unprofessionally used by defendant, in the sewing' up of the wound, after the operation for appendicitis, heretofore mentioned.
“Plaintiff further says that although since said timé she has. been under a physician and surgeon’s care, that said trouble has increased and that her health has been destroyed and that the injury is a permanent one.
“Plaintiff says that all of said injury and her persent poor health is all due to the mal-practice of the said defendant, as above set out. By reason whereof, plaintiff has suffered and' does suffer great pain, her constitution is undermined; that she has been unable since the 21st day of March, 1900, to attend to her household duties except under great pain, and has-been obliged to incur a great expense for doctor bills in endeavoring to be cured of said injury, the samé having been caused wholly by Said unskillful operation and neglect, and’ *541 want of skill of defendant to plaintiff's damage in the sum of $5,000, for which she asks judgment.”
The defendant demurred to the petition of the plaintiff on •the ground that it appeared on the face of the petition: First. That the action was not brought within the time limited for ■the commencement of such actions.
Second. That the petition does not state Tacts sufficient to ■constitute a cause of action.
This petition alleges that the surgical operation, or mal■operation was performed on the 28th day of September, 1898. The said petition was filed March 18, 1901, so that the alleged breach of duty occurred one year and five months before the day of the filing of the petition.
Section 4983, Revised Statutes, provides that actions for libel, slander, * * * mal-practice, etc., shall be brought within one year after the cause of action accrues.
It follows then, if the breach of duty is the criterion which gives rise to the action, and sets the limitation running, that by the plain terms of the statute this action is barred, and that the ■demurrer was properly sustained.
But the claim of plaintiff in error is, that it is not the breach •of duty, but knowledge of that fact evidenced by resulting injury, that causes the action to accrue under the statute; and that this being the proper legal interpretation of the statute, that such knowledge of said resulting injury did not come to plaintiff until less than one year prior to the bringing of this action; all of which is averred in the petition. Hence, the claim that said cause is not barred by the statute of one year limitation, and that therefore, the judgment of the court was ■erroneous.
The statute itself refutes this claim. The petition counts upon mal-practice — the mal-practice, the breach of duty, and not knowledge of resulting injury, or damages resulting from mal-practice. The statute construes itself; it is plain and unambiguous. Judicial construction that reads anything into, or out of, such a statute is judicial legislation.
The legislature, with good reason, could have said: “And actions resulting from mal-practice after the discovery of the *542 same,” but the legislature has not done so, and this court should not.
Charles W. Chew and Bell & Brinkerhoif, for Plaintiff in Error.
Kerr & LaDow, for Defendant in Error.
It could not well be claimed that a slander spoken now, knowledge of which would be obtained ten years hence, would then cause the action to accrue and would be freed from the statutory bar.
Under this statute, section 4983, Revised Statutes, the breach of duty (mal-practice) causes the action to accrue. This sets in motion the limitation of one year, beyond which no action can be brought. This statute should be amended or another one enacted in order that knowledge of the resulting injury arising from mal-practice would cause an action to accrue. Whatever may be said in reference to the wisdom of this latter view, it is not the law as our statute now stands. Kerns v. Schoonmaker, 4 Ohio, 331; Shuman v. Drayton, 14 C. C., 328.
We are of opinion that the judgment of the common pleas court was right, and the same is affirmed.

Chas. W. Chew and Bell & Brinkerhoff, for Plaintiff in Error on demurrer to petition.
The demurrer involves the interpretation of section 4983, R. S., as to when the statute of limitations begins to run; whether from the date of the surgical operation, or from the actual discovery of the injury, resulting from the operation.
In considering statutes, such interpretation shall be givent as would fairly give expression to the intent of the legislature, (section 4948, R. S.
If the interpretation, as to. when the statute begins to run, is to be placed upon the date of the surgical operation, in cases arising from mal-practice, then the very act would defeat the intent of the legislature if the legislature intended that actions should be maintained for damages resulting from mal-practice. But the proposition that the right of action dates from the operation, is not supported in reason, nor by authority.
Right of action' in cases of mal-practice, embraces two elements— a wrongful act and a resulting injury.
It is not mal-practice to set a broken limb or to perform the surgical operation, known as that for appendicitis, and from the act alone, no right of action could accrue, unless an injury results by reason of unskillfulness or other mal-practice.
*543 The right of action is founded upon the injury, and the injury must be predicated .upon some surgical act,' and the right of action would not accrue, until the injury resulting from the act is discovered. In malpractice these two elements are necessary' — a wrongful act and an injury resulting from it.
The statute of limitations runs from the right of action, and the right of action is the discovery of the injury. 56 Fed. Rep., 261.
In all code states it is held that actions for mal-practice are ex delicto actions, and the federal courts have followed the state rule. King v. U. S., 59 Fed., 9. “Where the injury, however slight, is complete at the time of the act, the statutory period then commences; but where the act is not 'legally injurious until certain consequences occur, the statute begins to run from the consequential injury.” 13 Am. & Eng. Ency. of Law, 732; Bank v. Waterman, 26 Conn., 324; Mitchell v. Darley Main Colliery Co., 21 Central Law Jorunal, 348, and note p., 153; Wright v. Tichner, 194 Ind., 185, 21 Cent. L. J., 153; Simms v. Gay, 109 Ind., 501; Ewell v. C. & N. W. R. R. Co , 29 Fed., 57.
It is of the essence of the statutes of limitation not to run against the party until a right of action has accrued, 89 Mo., 81, and it begins to run at the date suit may be commenced. 115 Pa., 356; 29 Fed., 57; 84 U. S., 17.
If the weight of authority supports the proposition contended for in this demurrer, that the statute of limitation runs from the date of the operation, then the act is an exercise of power, not embraced in the legislative functions of government, because of its very nature, it operates' to defeat recovery in a large class of cases, would be against public policy for this reason, and for the other reason that it exempts from the operation of law and from redress, for a wrongful act, the class of people embracing only those practicing surgery, and would be class legislation not general in its application or operation in actions for tort.
Kerr & LaDow, for Defendant in Error.
This petition is barred by the statute of limitations, section 4979, R. S.
Section 215, Buswell on Limitations etc. “ * * * the general rule in such cases is ,that the time of limitation will begin to run from the time of the breach of duty, and not from the time when the damage resulting therefrom actually accrues.” Shuman v. Drayton, 14 C. C., 328.
“In a court of law this statute must receive a strict construction, and no exception can be introduced, not authorized by the legislature.”
“The statute of .limitations will commence to run from the time the alleged slanderous words are spoken, and not from- the time the plaintiff first had knowledge of the fact, that they had been spoken.” Pearl v. Kock, 32 W. L. B., 52.
The petition does not allege that defendant treated plaintiff or performed any professional services for her, for more than one year prior to filing the action, nor that the cause of action did accrue within one year before the commencement of this action.
The last case on this subject, is Tucker v. Gillette, 8 Ohio N. P., 389, where the court directed a verdict for the defendant. This decision by the common pleas was overruled and reversed by the circuit court unreported, now pending in the supreme court.
To same' effect is Kerns v. Schoonmaker, 4 Ohio 331; Elec. Ry. Co. v. Mabie, 66 Ill. App.,233; Raynor v. Hintzer, 72 Cal., 585; Schad v. Gelmar 34 S. W., 576.