ITEM CO., LTD., v. DR. VINCENT LI ROCCHI

---

(July 2, 1928. Opinion and Decree.)

---

Deutsch and Kerrigan, of New Orleans, attorneys for plaintiff, appellant.

P. L. Fourchy, of New Orleans, attorney for defendant, appellee.

JONES, J. Judgment was rendered in this case in favor of plaintiff for the full amount prayed for, two hundred sixty-four and 56-100 dollars, with interest and all costs.

Plaintiff then examined the judgment debtor as to his assets, and having lo-cated certain property, seized it, in due course, under a writ of fieri facias. Then Mrs. Josephine Eckert filed an affidavit with the Constable, stating that the property seized belonged to her.

Plaintiff after filing a bond for double the value of the property seized, proceeded by rule to set aside the affidavit. After hearing, judgment was rendered against plaintiff in favor of defendant in rule, maintaining the affidavit, and from this judgment plaintiff has appealed suspensively.

Here appellee moves to dismiss appeal on the ground that this Court is without jurisdiction, judgment being interlocutory.

Defendant has filed no brief here.

Article 566 of the Code of Practice reads as follows:

"One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury."

The term "irreparable injury" has been construed several times.

"It is not necessary, however, that the injury should be absolutely irreparable; and it is sufficient to render the judgment appealable that the injury may become irreparable by the final judgment or action of the supreme court on the judgment."—3 C. J. 460.

"To entitle a party to an appeal from an interlocutory judgment it is unnecessary that the injury be absolutely irreparable. It suffices that it may become irreparable by the final judgment or action of the Supreme Court on that judgment." —Katz and Barnett vs. Sorsby, 34 La. Ann. 588.

"We think the correct doctrine on this subject is stated by this court in Hyde

vs. Jenkins, 6 La. 427, to the effect that, to entitle a party to an appeal from an interlocutory judgment, it is unnecessary that the injury be absolutely irreparable * * * If this final decree can not replace the party in the advantageous position which he occupied before the interlocutory judgment, the injury is irreparable."—State ex rel. Cole vs. Judge Fifth Judicial District, 29 La. Ann. 803.

"That said order or decree may cause irreparable injury is possibly not apparent on the face of the record, but, as an appeal is a remedy that is favored in law, we prefer, in a case of doubt, rather to sustain than deny the right."—Succession of Bothick, 52 La. Ann. 1863, at 1865, 28 So. 458.

"An order which might work irreparable injury, though merely interlocutory and upon a matter within the discretion of the court, is appealable."——Demarest vs. Burne, 36 La. Ann. 751.

Thus an appeal has been allowed from an order dismissing a third opposition.

"An appeal will lie from a judgment on the opposition of a third person to regulate the effect of the seizure in what relates to him, and a writ of mandamus will, in case of the refusal of the judge a quo to grant the appeal, issue compelling him to grant it."—State vs. Judge of the Eighth District Court, 24 La. Ann. 599.

An appeal has been allowed from a judgment on a rule dismissing an opposition to an order of seizure and sale.

"This rule must be viewed as an answer or an opposition, to the order of seizure and sale, going to show that the order of executory process had improvidently been issued and that it ought to be set aside. The judgment upon the rule was certainly a final judgment, and either party had the right to appeal. Suppose that the judgment had made the rule absolute, would not the plaintiff and appellee have been entitled to an appeal? The answer must be in the affirmative."—Heft vs. Kelty, 17 La. Ann. 143.

"If relief cannot be obtained by a judgment on the merits, as a general rule, appeal lies from an interlocutory decree. Suspensive appeal will not be dismissed from a judgment refusing to hold sequestration release bond insufficient."—Goss vs. Turner, 149 La. 327, 89 So. 20; Ex rel. Lamothe, 46 La. Ann. 1047, 16 So. 363.

"After the interlocutory order had destroyed the plaintiff's hold on the body of the debtor, and on the property secured or attached, no judgment of the first court nor of this could replace him on the schedule he was before' the judgment against which he seeks relief, and this suffices to authorize him to forbear the exercise of his right of appeal till after the final judgment of the cause."—Hyde vs. Jenkins, 6 La. 427.

"The property attached was released, and it is held by a third person, by whom it was bonded as being his own. His right as owner cannot be questioned on the trial before the district court in the present condition of the case, even if he be not the owner. The judgment dissolving on attachment is binding on all concerned until it be reversed on appeal, if reversible. If a plaintiff in attachment has any right at all, he should have the right to hold the property attached (or its equivalent in case it has been bonded) until the decision of the case. Here the property was released, and the bond cancelled by the effect of the decision dissolving attachment. A similar question, in our view, was decided in Laverty vs. Anderson, 4 Mart. 606. The court held that the order discharging the garnishee was so far final that an appeal lies. A similar view was announced in Hyde vs. Jenkins, 6 La. 427. In view of the foregoing, we think an appeal should be heard."—Bayne vs. Cusimano, 50 La. Ann. 361, 23 So. 361.

See also numerous authorities cited under Art. 566 C. P. (Marr's Edition in 1927).

For above reasons, motion to dismiss appeal is denied.