LOTTINGER, Judge.
This suit was instituted on • August 2, 1951, by the plaintiffs, Maligan Brown and his wife, against James D. Courtney, a resident of the State of Mississippi, for damages resulting from the death of one of *16 their minor children and injuries to another of their minor children. The plaintiffs caused a writ of attachment to issue under which the sheriff seized a certain automobile as the property of the non-resident defendant. On December 7, 1951, General Motors Acceptance Corporation filed a petition of third opposition alleging that it was the owner of the automobile under a Mississippi contract of conditional sale. On February 1, 1952, a default judgment was entered against plaintiffs and on February 15, 1952, judgment was rendered on confirmation of default recognizing the third opponent to be the owner of and entitled to possession of the automobile.
The defendant evidently made no appearance, either in person or through the attorney who was appointed to represent him, and the only action taken by plaintiffs subsequent to the filing of their suit appears to be that a preliminary default was entered against the defendant on January 22, 1952. Following the rendition of the judgment in favor of the third opponent, it appears that the sheriff refused to release the automobile until his costs and those of the clerk were paid. The third opponent then brought a rule agairist the plaintiffs and the sheriff to fix the liability for costs and to obtain the release of the automobile. By judgment dated June 27, 1952, this rule was dismissed as to the plaintiffs and silent as to the sheriff, and the third opponent has appealed from this judgment.
' Counsel for plaintiff argues that we do not have the jurisdiction to entertain the appeal on the ground that a judgment on a rule to tax costs is not a final judgment, nor is it an interlocutory judgment causing irreparable injury, as provided in C.P. Art. 566. ■
Counsel for plaintiff has failed to file a formal motion to dismiss the appeal, but be that as it may, we view the judgment rendered on June 27, 1952, as an interlocutory judgment causing irreparable injury and therefore subject to an appeal. As was stated in the case of Item Co. v. Li Rocchi, 9 La.App. 42, 118 So. 833,
“ 'It is not necessary, however, that the injury should be absolutely irreparable ; and it is sufficient to render the judgment appealable that the injury may become irreparable by the final judgment or action of the supreme court on the judgment.’
******
“ ‘If this final decree cannot replace the party in the advantageous position which he occupied before the interlocutory judgment, the injury is irreparable,’ * * *
“ 'That said order or decree may cause * * * irreparable injury is possibly not apparent on the face of the record, but, as an appeal is a remedy that is favored in law, we prefer, in a case of doubt, rather to sustain than deny the right.’”
There is no question in our opinion that the effect of the judgment rendered on June 27, 1952, (as will be explained later) nullified the judgment rendered on February 15, 1952, in favor of third opponent, insofar as the costs were concerned. The judgment of June 27, 1952, dismissed the plaintiffs, the ones primarily liable for costs, from the rule and left the third opponent holding the proverbial bag to fight it out with the sheriff as to the costs for the seizure, storage, etc. We are therefore of the opinion that third opponent has a type of judgment Causing irreparable injury as pronounced by the áuthority herein cited and is entitled to an appeal.
As to the judgment rendered on June 27, 1952, we are of the opinion that the lower court was in error in dismissing the plaintiffs in said rule. As was stated in the case of Crespo v. Viola, 152 La. 1088, 95 So. 256, by the Supreme Court, it said that the-plaintiff is primarily bound for costs in. every suit which he brings. The reason for this rule of law is that the plaintiff is the party provoking the litigation and until he has obtained the judgment against defendant, who is brought into court, not voluntarily but by the suit, has no right to tax the latter with costs. Plaintiff commences the proceedings requiring the -services of the office of the court and should therefore pay for them until it has been otherwise decreed. Then too, the judgment *17 which he obtains carries with it the costs, becomes his property, and having paid the costs, he may recover the same in the execution against the defendant. In connection, we also cite LSA-R.S. 13:842 and LSA-R.S. 13:843, which are as follows:
LSA-R.S. 13:842 — “The clerks of the district courts may demand and receive from plaintiff or plaintiffs, in each ordinary suit whether accompanied by conservatory writs or not, the sum of ten dollars advanced cost, one-half to be paid to the sheriff as his costs accrue, and the residue to be retained by the clerk to be applied as his costs accrue. When the defendant waives service, only five dollars advance costs shall be demanded by the clerk, to be applied as his and the sheriff’s costs accrue until exhausted. In confessions of judgment only two dollars shall be demanded of plaintiff on filing suit.”
LSA-R.S. 13:843 — “The clerks of court may demand security for costs at the time the suit is filed.
After any cost advance furnished under R.S. 13:842 has been exhausted, all accrued costs shall be paid by the party primarily responsible therefor, or by the surety on any bond for costs furnished by him, upon receipt of the clerk’s demand for payment thereof supported by an itemized account of these accrued costs approved by the judge. If these accrued costs are not paid within ten days of the demand for payment, judgment therefor may be rendered against the party, and against the surety on any cost bond furnished by him, by rule returnable not less than two judicial days from the date of service upon the defendants in rule.”
The plaintiff being liable for the costs as they accrue shall collect same in his judgment, according to the following articles of the Code of Practice.
C.P. Art. 549 — “In every case the costs shall be paid by the party cast, except where compensation has been allowed, or real tenders made, as heretofore provided by this Code.”
C.P. Art. 552 — “The costs to be paid by the party cast include not only the taxed costs, but also all the expenses incurred in taking testimony by commission, and the compensation allowed for their services to such experts, auditors, or judicial arbitrators, as may have been appointed in the suit; and also the costs of copies of notarial acts, of judgment, and other copies of the records of other public officers, necessary in the cause.”
C.P. Art. 552.1 — “The costs of the clerk, sheriff, witness’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.”
We further find in the case of Green v. Garcia, Sheriff, 3 La.Ann. 702,
“Where an attachment is set aside, the costs must be paid by the plaintiff. The sheriff has no right to retain the property, until his costs are paid; and when he refused to deliver it to the defendant under such a pretext he will be answerable for any injuries the latter may sustain thereby.”
According to these authorities, we are therefore of the opinion that the plaintiff in this case is primarily liable for the costs of this attachment and should not have been dismissed from the rule as pronounced in the judgment o'f June 27, 1952.
Since said judgment was silent as to the sheriff in said rule and being of the opinion as hereinabove stated that the plaintiff is primarily liable for the costs, first because of the fact that he brought the suit and secondly because of the fact that he was the party cast in the judgment rendered on February 15, 1952, we are of the opinion that the judgment rendered on June 27, 1952, should be reversed and the case remanded to the lower court to be disposed of in accordance with the views herein expressed.
Judgment reversed and case remanded.