## COOPER et al. *v.* POLK et al.

A bill of exchange requesting the drawees, at a certain time after date, to pay a certain sum to the order of a third person, and "to charge the same to account," signed by the drawers, binds the latter jointly only, and not *in solido.*

It is no objection to a citation served on a curator *ad hoc,* appointed to represent an absent de-

fendant, that it was addressed to the absentee. The citation should be served on the curator, and whether addressed to him, or to the person whom he represents, is immaterial.

Where a party takes no bill of exceptions to an order of the court, refusing an application made by him, but proceeds to trial without any objection in that respect, it is a tacit acquiescence in the order, and will preclude him from contesting its correctness on appeal.

Where a party to an action resides out of the parish in which the court is held, his adversary cannot compel him to bring his commercial books into court. In such case the party might be interrogated and required to annex to his answers copies of his accounts, or a commission might be taken out to take the testimony of witnesses by whom the books could be examined and sworn copies made from them; or it might be required that the books should be produced before the commissioners, and the authenticity of the books and the correctness of the copies thus ascertained. It would be the duty of the party, under the order of the court, to give every facility for such an examination of his books.

APPEAL from the District Court of Lafourche Interior, *Randall*, J.
 *Hall*, for the plaintiffs. *Beatty*, for the appellant.

The judgment of the court was pronounced by

SLIDELL, J. This suit is brought upon an account containing several items. For a portion of them it is quite clear that the appellant, *William Polk*, is not answerable, being debts of *T. G. Polk* alone. We shall confine our attention to the items which are based upon three bills of exchange drawn by *T. G. Polk* and *Wm. Polk*, upon the plaintiffs, and which they contend they accepted for the accommodation of the drawers. These bills of exchange are not obligations *in solido;* on their face the liability is joint. 5 La. 122.* *Wm. Polk* being sued alone, contended, by an exception, that *T. G. Polk* should have been made a party defendant. *T. G. Polk* was not a resident of Louisiana, and was not present in the State. If it be conceded that, in such a case, he was a necessary party, it is evident that there was no other way in which he could be made even a formal party, except by the appointment of a curator *ad hoc* to represent him. The plaintiffs could not be deprived of all remedy against *Wm. Polk*, because his co-obligor was an absentee.

After the exception was sustained, and a curator thereupon appointed to represent *T. G. Polk*, the appellant then excepted that *T. G. Polk* was not properly cited, because the citation was addressed to him, and not to the curator *ad hoc*. The objection seems to us unsound. It was immaterial whether the address was to the curator, or to the person whom the curator represented. It was properly served on the curator, for a service upon *T. G. Polk* was an impossibility.

At the time of filing his answer, the defendant, *Wm. Polk*, applied to the court for an order upon the plaintiffs, to produce in open court their commercial books. This order the court refused, but no bill of exceptions was taken, and the defendant subsequently proceeded to the trial of the cause without any objection in this respect. After this tacit acquiescence in the refusal of the order, it cannot be considered here. There is, however, a broader ground upon which the point may be determined. When a party to a cause lives out of the parish where the court is held, we cannot recognize the right of his adversary to com-

---

*The first of the bills of exchange was in these words:

"Exchange for $1500. LaGrange, July 11th, 1842. Five months after date of this first of exchange, (second unpaid), pay to the order of D. B. Frierson & Co., fifteen hundred dollars, value received, and charge the same to account.

THOS. G. POLK.
WM. POLK.

The other two bills were in the same form.

pel him to bring all his commercial books from his domicil, to the seat of justice where the litigation is pending.    It is true that the language of the Code of Practice (arts. 149, 473) is general; but if the interpretation we are asked to give be sound, then a merchant in New York or London might be compelled by his debtor to bring his books to Louisiana.   Such a hardship imposed upon litigants, wauld make the relations of a factor with a planter, or of a merchant generally with his correspondents, very onerous, and is not to be sanctioned.   The right given by law to a litigant, to draw testimony from the books of his adversary, must receive a reasonable construction, and may be fully enjoyed without a resort to means which would operate so seriously to the detriment of commerce. The defendant might. in the interrogatories propounded by him to one of the plaintiffs, have required him to annex to his answers copies of the accounts; or, if unwilling to rely upon the conscience of his adversary, the court might have been called upon to issue a commission; under it witnesses might have examined the plaintiffs books, and made sworn copies from them.   The books themselves might have been required to be produced before the commissioner; the authenticity of the books and the correctness of the copies might have been fully ascertained; and it would undoubtedly have been the duty of the plaintiffs, under the order of the court, to give the fullest facilities to such examination.

We do not consider it necessary to decide upon the exception, raised to the admissibility of certain testimony taken under commission, by reason of alleged defects of form.   The joint liability upon the accommodation acceptances is established, independently of that testimony.

The claim by the defendant, that the proceeds of certain shipments made by *T. G. Polk*, should be first credited upon *Wm. Polk's* share of the joint liability upon the accommodation acceptances, is clearly untenable.

*Judgment affirmed.*