C. H. HORTON v. THORNHILL & Co.

An interlocutory order upon a party to a suit, to produce on a given day and hour the books named, and file the same with the Clerk, is not such an order as will work an irreparable injury, and, consequently, it cannot be appealed from.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
*J. Henderson* and *Glenn & Chalmers*, for plaintiff. *Kennedy & Miles*, for defendants and appellants.

MERRICK, C. J. There is a motion in this case to dismiss the appeal.

The suit is brought to recover a salary as a book-keeper. The defence to the action is incompetency. Defendants allege that plaintiff's work was most unskilfully done—errors of the gravest kind frequently occuring in his entries and calculations.

Plaintiff, in order to show his competency, obtained an order upon the defendants to produce on a given day and hour the books named in the order, and file the same with the Clerk.

The defendants, after an unsuccessful attempt to set aside the order, take the present appeal, alleging that the order will work an irreparable injury. A witness says that it would be impossible for such a house as that of defendants to get

along for a single day without the books named in the order ; that they could not make out an account of sales or write letters, and that the whole business would be in fact locked up, and the result would be a very great injury to the house.

It does not appear that it is the object of the District Court to detain the books longer than a few hours during the trial in order that they may be examined by the Judge or experts to rebut the allegations in defendants' answer. It is not to be presumed that the District Judge will allow them to be detained one moment longer than required, or that he will withhold them from defendants except while they are actually under examination. The law requires him to fix a day certain for their production, and we will presume that it is the day fixed for the trial. 2 An. 12.

The order made by the District Judge appears to be clearly within the powers conferred upon courts of justice; C. P. 140, 473, 475, 918 ; and we must suppose he will exercise the same in a manner to occasion the least inconvenience to the parties.

A witness has testified that this order if enforced even for a day, will work a very great injury.

His opinion must be construed by the provisions of the Code of Practice.

The law gives to the suitor the right to the production of books for certain purposes, and has made no exception on account of mere inconvenience to the opposite party. This inconvenience the law does not admit as an element of damage in the controversy, and has provided no mode for its estimation. How, then, can this collateral matter be made an independent ground of appeal ? How much damage will it occasion? Will it amount to over three hundred dollars ?

The same sort of inconvenience occurs when a party is called upon to answer interrogatories on facts and articles. It will be no defence to say, that his operations are large and that the time required to answer will interfere with large contracts and speculations, and occasion him much damage. The excuse cannot be admitted ; he must answer or suffer the penalty fixed. So, too, of the witness brought in by attachment; he cannot prove by his clerks the very great injury his business will sustain in his absence, and appeal from the order directing the attachment.

These inconveniences, as already observed, the law does not admit to be injuries and will not permit to be estimated further than is done in the taxed costs.

Viewing the testimony of the witness under the light of the Code of Practice, we are unable to say that the order complained of can work an irreparable injury which will sustain the appeal. 12 An. 87.

Appeal dismissed.