JOHN B. MURISON & CO. *v.* ANDREW J. BUTLER et al.

Courts may, at the request of one of the parties, decree that the other party bring into Court, the books, papers, and other documents, which are in his possession, and which are material in the cause, provided the party requesting their production declares in writing and on oath, what are the facts he intends to establish by such books, papers, or other documents; and on the refusal of the party thus called upon to comply with the order of the Court, the facts stated and sworn to shall be considered as having been confessed, unless satisfactory evidence be shown of the impossibility of producing such documents.

When a party, or a third person, has been ordered to produce some books, deeds, or other documents, he must deliver them previous to or on the day fixed for the trial, to the Clerk of the Court, who shall receipt for them, have charge of them, and return them again to the party to whom they belong, after the cause shall have been decided.

If one of the parties wish to obtain books, papers, or other documents in the possession of the adverse party, the Court shall order, on motion of the party applying for the same, that such books, papers, or documents be brought into Court, and produced on the day fixed for the trial of the cause. The order must describe such books, papers, or documents.

This is directory, and in the sound discretion of the Court, according to circumstances.

The right given by law to a litigant, to draw testimony from the books of his adversary, must receive a reasonable construction, and may be fully enjoyed without resort to means which would operate seriously to the detriment of commerce.

When a party to a cause lives out of the Parish where the Court is held, we cannot recognize the right of his adversary to compel him to bring all his commercial books from his domicil, to the seat of justice, where the litigation is pending.

APPEAL from the Sixth District Court of New Orleans, *Howell, J.* *Geo. S. Lacey,* for plaintiffs.

*J. Ad. Rozier, for defendants and appellants.*—The appellant, Butler, contends that the grounds relied on for dismissal are wholly untenable.

This is a suit instituted by Murison & Co., against J. F. Allen and A. J. Butler, on the allegation that an adventure in cotton was entered into between them all. The prayer is for a liquidation of the adventure, and that A. J. Butler, who is alleged to have in his hands the proceeds of the cotton, be condemned to pay the amount to the plaintiffs. Allen is made a party defendant, but no judgment is asked for against him.

A judgment was rendered alone against Andrew J. Butler, and signed on the 17th of May, 1863.

An appeal was taken by motion in open Court, on the 22d day of May, 1863, and the appeal was granted, and made returnable on the fourth Monday of June, 1863. On the same day the usual bond was filed in favor of the plaintiffs and J. F. Allen, the appellant, binding himself to pay whatever judgment may be rendered against him.

1. The first point made by the appellees is that J. F. Allen is not made a party to the suit.

By the amendment to the Articles 573 and 574, C. P., an appeal may be taken by motion in open Court, and when this is done, no citation or other notice is necessary. (Statutes of 1855). The appeal was taken at the same term, and the law was fully complied with, the plaintiffs and J. F.

Allen being made appellees by inserting their names in the bond as obligees.

The practice, in such cases, is well settled by the decisions of this Court.

"Where an appeal is granted by motion in open Court, the only test of the question whether anyone has been made party to the appeal, is the mention of his name in the bond. The parties mentioned in the appeal bond are alone parties to the appeal." *Lawrence* v. *Burns*, 12 An. 843. *Robert* v. *Ride*, 11 An. 410. *Hewson* v. *Creswell*, 10 An. 232.

The name of Allen was purposely inserted in the bond, in order to make him a party to the appeal, and, under the law cited, no citation or notice was necessary, so that he stands before the Court as one of the appellees; there is no point of practice that can be better settled.

2. The plaintiffs contend that the appeal bond should have been in favor, alone, of the plaintiffs, J. B. Murison & Co. The appearers, in the motion, again show that the law referred to and the decisions heretofore quoted, have been ignored. The Code of Practice requiring the appellant to furnish one bond, the name of J. F. Allen had to be inserted on it for the double purpose of making him a party, and also that the bond he was entitled to should be furnished.

The terms of the bond are in exact compliance with the law, reciting that a final judgment had been rendered on the 27th of April, 1863, and signed on the 12th of May in this suit, and, thereupon, obligating himself to pay whatever judgment may be rendered against him.

Now the judgment is in favor of J. B. Murison & Co., and if the judgment be affirmed, then the obligation is that the sureties shall pay whatever judgment may be rendered, in case the principal does not pay.

The appellant is bound only for one judgment; he furnishes the bond in favor of the judgment creditor, and, in order to make the necessary parties to the appeal, under the law and the decisions, inserts the name of J. F. Allen.

If J. B. Murison & Co. maintain their judgment, then they proceed on the bond against the sureties and force them to pay whatever judgment may be rendered. Allen has no judgment or claim against Butler; so that, when Butler pays the amount of judgment and costs, Allen has no interest in the bond, and could not sue on it, and Murison & Co. are alone to be benefited by the bond; so that, in a suit by them, they would recover the amount of the bond.

The name of Allen was inserted in the bond to make him a party to the appeal, and in order to furnish the bond required by law. No citation or notice was required, and the beneficial effects of the amendments of the Code of Practice are thus realized.

It is strange that objections should be raised to that which the law so clearly defines shall be done, and which could not have been done in any other manner. The Court a quô very properly decided that the bond

must be construed and executed with reference to the record, and that there can be no real difficulty in determining the real obligees in the appeal bond.

3. But, in order to make assurance doubly sure, the motion to dismiss cannot be entertained. More than three judicial days have elapsed since the filing of the transcript, and an appearance has been made by the appellees. *Creevy* v. *Breedlove*, 12 An. p. 745; *Morton* v. *Graham*, 11 An. 452. See Hennen's Dig.. vol. 1, p. 71.

The appellees have even filed a claim for damages.

A motion to dismiss, on account of informality in the appeal bond, etc., must be made within three judicial days after the record is filed. 2 A. 138; 3 A. 326; 4 A. 514; 11 A. 613; 12 A. 745; 7 N. S. 271.

LABAUVE, J. This case is upon a re-hearing.

The plaintiffs claim of the defendant, Andrew J. Butler, the sum of $15,006, with legal interest, less the sum of $3,000.

The petition states in substance : That, about the 19th August, 1862, petitioners, James F. Allen and Andrew J. Butler, entered into an agreement for an adventure in cotton; that petitioners and Allen were to advance the funds, and they, together with Butler, would divide equally the profits; that they purchased the schooner Geno and——bales of cotton; the same were sold in New Orleans at public auction, and adjudicated to said Butler on his account for $33,237 24, on the 25th day of October, 1862; that the net profits amounted to $23,424 06; that the advance of petitioners was $7,198; that the entire proceeds of such adventure are now in the hands of said Butler, who has made no advances; that said Butler is unwilling to pay petitioners' interest in the same, until the legal rights of the parties are judiciously ascertained.

The petitioner prays that said Butler and Allen be cited to answer; that it be decreed that the advances made by petitioners be recognized to be $7,198, and their interest in the profits to be $7,808, and that all matters connected with said adventure be liquidated; that said A. J. Butler be condemned to pay your petitioner $15,006, less $3,000, already received by petitioners from said Butler, on account of their claims and interest.

The defendants answered by a general denial, and prayed for a trial by jury, who returned the following verdict : 

"We, the jury, do hereby find a verdict for plaintiffs for the sum of $12,006 02, with interest at five per cent., from the time of judicial demand."

On the same day the Court rendered judgment according to said verdict. Andrew J. Butler, alone, having been unsuccessful in an application for a new trial, took this appeal.

Before the case was fixed for trial, on the 2d December, 1862, on motion and affidavit, the Court ordered that the defendant, A. J. Butler, bring into Court, on Friday, the 5th of December, 1862, at 10 o'clock, A. M.

1. The commercial books in which are kept the account of transactions of his business, particularly the blotter, day-book, journal, and ledger.

2. The statement wherein the receipt and disbursements connected with the adventure in cotton in controversy, made out by said Butler, or under his directions, and presented by him or at his suggestion to plaintiffs, as the basis of partition or settlement of such adventure.

3. Any and all written memoranda and papers connected with the adventure in controversy.

This order was granted upon the following affidavit :

John B. Murison, one of the plaintiffs in this case, being duly sworn, doth depose and say that the following, etc. (here the books and papers are described as in the above order); and this deponent further says, that in and by said books plaintiffs expect to prove the interest of the several partners in the aforesaid adventure in cotton, and the amount of plaintiffs' disbursement and profits to the extent set forth in the petition.

On the 4th of December, 1862, this order was served on Butler. On the 5th of the same month, on motion, the day and hour to bring the books and papers was continued until the 9th of same month; and, on the same day, 5th December, 1862, Butler was served in person with the whole. At the time fixed, defendant, Butler, failing to comply with the order, it was ordered that the said rule be made absolute, and that the facts alleged in the affidavit of plaintiffs, praying for said rule, be taken as confessed.

Defendant, Butler, by his counsel, took the following bill of exceptions to the ruling of the Court:

Be it remembered that, before proceeding with the trial of the rule herein taken, on the 2d December, 1862, J. Ad. Rozier, counsel for defendants, asked for a continuance of the trial of the rule until next morning at 10 o'clock, A. M., the opening of the Court; and that, at that time, the defendants would produce in open Court the books and statements as are asked for in the rule aforesaid, and which are in the possession of defendants. That the rule could not be tried, as only four days' notice had been given thereof to the defendant, Butler; that ten days' notice are required before the plaintiffs could force a trial of the rule ; that the plaintiffs have no right to call upon the defendant for the production of books, documents and papers, except on the day for the trial of the cause; that the above entitled suit is not fixed for trial, and it is only for the day of trial that the said documents and papers can be ordered to be produced in open Court; that the affidavit and proceedings are insufficient, and that an application, such as is made, should and must be made according to the Articles of the Code of Practice, by way of petition and citation. But the Court overruled these objections and exceptions and prayer for a continuance, and ordered the case to be proceeded with.

The Court stated that, had there been a showing made why the books, papers, etc., had not been produced, and a showing that justice required

a continuance, in that event, a continuance would have been granted. In the absence of such showing, the Court would proceed to the trial of the rule.

All the objections set forth in this bill of exceptions are frivolous, except the one "that the case was not fixed for trial, and it was only for the day of trial that the said documents and papers could be ordered to be produced in open Court."

The first Article upon the subject is found in that part of the Code of Practice relating to the process of Courts of original jurisdiction.

Article 140 : Courts may also, at the request of one of the parties, decree that the other party bring into Court the books, papers and other documents, which are in his possession and which are material in the cause, provided the party requesting their production declares in writing and on oath what are the facts he intends to establish by such books, papers or other documents; and, on the refusal of the party thus called upon to comply with the order of the Court, the facts stated and sworn shall be considered as having been confessed, unless satisfactory evidence be shown of the impossibility of producing such documents.

This Article is the main one on that subject. It contains the great elementary rules fixing the rights and penalties of the parties, and yet we see that the law, in giving this power to the Court, leaves some discretion to the Judge. *Courts may also decree.*

Article 143 : When a party, or a third person, has been ordered to produce some books, deeds, or other documents, he must deliver them previous to, or on the day fixed for the trial, to the Clerk of the Court. who shall receipt for them, have charge of them, and return them again to the party to whom they belong, after the cause shall have been decided.

The object of this Article seems to be that the books and documents called for shall remain in deposit until the decision of the case, to be examined and used for the purpose of proving the facts set forth in the affidavit.

The third article on the same subject matter, is found in section 4th, Code of Practice, on sitting, cause for trial, etc., preparatory to trial and judgment.

Article 473 : If one of the parties wish to obtain books, papers, or other documents, in the possession of the adverse party, the Court shall order, on motion of the party applying for the same, that such books, papers, or documents, be brought into Court, and produced on the day fixed for the trial of the cause.

The question arises here whether this Article is *imperative or directory,* and whether some discretion is not left to the Court in fixing the day for the production of the books, papers, or other documents. There might be cases where it would be a vain thing to bring books in Court at the commencement of the trial, when an examination of them would be of an absolute necessity, in order to know what part of them should be offered

in evidence. We are of the opinion, on reëxamination of the law, that that part of this Article, in regard to the fixing of the day for bringing and producing the books, etc., in Court, is directory; and that the Judge, according to the circumstances of the case, has the right to exercise a sound practical discretion, and to fix for the production of the books, another day than the one fixed for the trial. This Court has virtually decided that, that part of the said Article requiring the party to produce in Court commercial books, is not imperative; and that sworn copies made from them, of what is desired and needed by the other party, should be ordered and received in lieu thereof, when the party in possession of the books resides out of the parish in which the Court is held. In *Cooper et al.* v. *Polk et al.*, 2 An. 158, this Court said: "The right given by law to a litigant to draw testimony from the books of his adversary must receive a reasonable construction, and may be fully enjoyed without a resort to means which would operate seriously to the detriment of commerce. The defendant might, in the interrogatories propounded by him to one of the plaintiffs, have required him to annex to his answers copies of the accounts; or, if unwilling to rely upon the conscience of his adversary, the Court might have been called upon to issue a commission; under it, witnesses might have examined the plaintiffs' books, made sworn copies from them. The books themselves might have been required to be produced before the commission; the authenticity of the books and the correctness of the copies might have been fully ascertained; and it would undoubtedly have been the duty of the plaintiffs, under the order of the Court, to give the fullest facilities to the examination." The same rule is recognized in *Ludding* v. *Fullson*, 4 A. 534. It seems clear from those decisions that the Court is bound to dispense with the production of the books, when the party in possession of them resides out of the parish in which the Court is held; for the Court said in the first decision quoted : "When a party to a cause lives out of the parish where the Court is held, we cannot recognize the right of his adversary to compel him to bring all his commercial books from his domicil to the seat of justice where the litigation is pending." The Court below decided correctly in overruling the objections.

On the trial below, plaintiffs offered in evidence certain interrogatories to, and answer thereto, by said A. J. Butler, in the case of *A. J. Butler* v. *J. B. Murison & Co.* The defendant objected to the same, on the ground that said documents would not be received in evidence by itself, and separate from the balance of the record. The Court properly overruled the objections. 2 A. 887. The defendant excepted to the charge of the Judge to the jury. That the plaintiffs were entitled to receive interest on the amount of the verdict from the day of judicial demand. The charge was legal and proper.

We now come to the merits.

The defendant, A. J. Butler, having failed to bring into Court, on the day fixed for that purpose, the books and papers called for, the following facts were taken as confessed, and are now considered as proved : *The interest of the several partners in the said adventure in cotton; the amount of plaintiffs' disbursements and profits to the extent set forth in the petition.*

One of the answers of defendant, Butler, to the interrogatory propounded to him, by the present plaintiff, in the case of *A. J. Butler* v. *J. B. Murison & Co.*, reads as follows :

Answer 5th : I agreed to give about sixty cents on the dollar on the face of the notes. I had been interested in a cotton transaction with Capt. Allen, who told me that Mr. Murison had an interest with him in the same transaction of eleven or twelve thousand dollars. That money was in my hands. On the strength of its being there, I made the trade with Capt. Murison in the purchase of the notes.

It is clear that the defendant, Butler, has in hands $11,000 or $12,000 belonging to plaintiffs; because Capt. Allen is a party here, and he has not pretended in his answer that anything was coming to him; he has answered by a general denial, and that is the last we see of him; it is clear that he is only a nominal party, brought in to assert his rights as a partner in the adventure. We are satisfied that justice has been done.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be affirmed, with costs.

HOWELL, J., recused.