No. 14,431.

SUCCESSION OF FERDINAND MARKS.

SYLLABUS.

1. The trial judge, according to the circumstances of the case, has discretion to assign for the production of books, papers, etc. (for which a *subpoena duces tecum* is taken out by one of the parties litigant on his adversary) *another day* than the one fixed for the trial of the cause.

2. It not appearing that irreparable injury can result to the complaining party from the order herein made to produce books, the appeal from such order is dismissed.

APPEAL from the Civil District Court, Parish of Orleans— *Ellis, J.*

*Dinkelspiel & Hart,* for August Heidenheim and Eli Wise, Testamentary Executors of the Succession of Ferdinand Marks, and The Ferd. Marks Insurance Agency, Limited, Appellants.

*Boatner, Dodds & Boatner* and *Howe, Spencer & Cocke,* for Opponents, Appellees.

The opinion of the court was delivered by

BLANCHARD, J.  Oppositions by forced heirs were filed to the final account of the executors. In support of the same, opponents applied

for a *subpoena duces tecum* on the executors, and on the president and manager of the Ferdinand Marks Insurance Agency, Limited, to produce certain books, papers and accounts described in their motion, which application was in due form and supported by affidavit.

The granting of the order was contested by the parties against whom the same was directed and a hearing was had, resulting in the following order or judgment being entered up :—

Ordered, That the executors, Eli Wise and August Heidenheim, produce and deposit in court, all the papers, books, accounts, etc., called for by movers, which pertain to the affairs of the succession of the deceased, as set forth in the motion, on Monday, March 24th, 1902, there to remain subject to the orders of the court, for examination by movers; with the option of the said executors to permit free and full examination of said books, etc., by movers or by their counsel, otherwise than by production and deposit in court, at such times and places as will not interfere with the business of said executors, and as will be reasonable and fair to movers.

It is further ordered that August Heidenheim, President and managing officer of the Ferd. Marks Insurance Agency, Limited, be required to produce in open court the books, papers, etc., called for by movers in their motion, on such day as the oppositions may be fixed for trial, upon movers causing said president and managing officer to be notified of the day and hour when such oppositions to the account are fixed for trial.

Judgment rendered in open court March 20th, 1902.

Judgment read and signed in open court March 21st, 1902.

T. C. W. Ellis, Judge.

Whereupon, the executors and the insurance agency, alleging error to their prejudice and irreparable injury, applied for a suspensive appeal to this court from the judgment. The order of appeal was granted and the transcript lodged here.

It is met by a motion to dismiss on the ground that the judgment appealed from is simply an interlocutory order which cannot work irreparable injury and from which no appeal lies.

*Ruling*—It will be observed the order appealed from fixed "Monday, March 24, 1902," as the day the executors were to produce the books. Objection is raised to this that nothing shows that day was the day assigned for the trial of the case, and it is urged that it is only for *the day of the trial* the books can be ordered produced. In support of this C. P. 473 is cited.

That article and other articles of the Code of Practice on the same

subject matter underwent careful consideration in Murison vs. Butler, 18 La. Ann. 300, and the construction there arrived at meets our approval.

There it was held that C. P. 473, in directing the books to be produced "on the day fixed for the trial of the case," is directory merely, and that the trial judge, according to the circumstances of the case, has discretion to assign for the production another day than the one fixed for the trial of the case.

It is found that the judge's order in the instant case carefully tracks the law and the jurisprudence.

With regard to the motion to dismiss, Horton vs. Thornhill & Co., 14 La. Ann. 142, covers the case.

The appeal there was from an order to produce books similar to the one here and the like motion to dismiss was made.

The court, after a review of the case, dismissed the appeal, saying:—

We are unable to say that the order complained of can work an irreparable injury which will sustain the appeal.

So say we here.

It is, therefore, ordered that the appeal be dismissed at the costs of the appellants.

Rehearing refused.