·(89 South. 20)

No. 24625.

## GOSS v. TURNER.

(June 15, 1921.   Rehearing Denied June 30, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Appeal and error ⬤⤳74—Test for determining whether interlocutory order or decree is appealable.**

One of the tests as to whether any particular interlocutory order or decree is one from which an appeal may be taken is to see whether the ruling might come up for review on an appeal from a judgment on the merits of the case, and if the party complaining of such a ruling cannot obtain relief by reserving a bill of exceptions and awaiting judgment on the merits of the case, he is, as a general rule, entitled to an appeal from the interlocutory order or decree complained of.

**2. Appeal and error ⬤⤳71(1)—Order sustaining exceptions to rule ordering plaintiff to furnish new bond in sequestration proceeding held appealable.**

An order sustaining exceptions to a rule ordering plaintiff to furnish a new bond in sequestration proceedings or to show cause why order permitting release of property on bond should not be rescinded and property returned to sheriff was appealable.

**3. Motions ⬤⤳14—Exception of vagueness to motion directed against rule held without merit.**

An exception of vagueness directed against a rule ordering plaintiff to furnish a new bond in a sequestration proceeding was without merit where the motion or rule contained the averment specifically that the bond which plaintiff had furnished did not conform with the requirements of Code Prac. art. 280.

**4. Sequestration ⬤⤳20—Party entitled to bond containing conditions prescribed by Code.**

Where plaintiff files bond in sequestration proceeding, defendant is entitled to have the bond contain the conditions and obligations prescribed by Code Prac. art. 280, and need not depend on any rule of law that surety is bound by the obligations stipulated in the Code, whether written into the bond or not.

**5. Sequestration ⬤⤳20—Exceptions that bond in sequestration proceedings does not comply with statute not lost by delay.**

Assuming that Code Prac. art. 226, declaring, with regard to a bond given for the release of an arrested debtor, that, if no exception be taken within 20 days, to the sufficiency of the security taken by the sheriff, no such exception shall ever afterwards be allowed, is applicable to bonds releasing sequestered property, it has reference only to the question of sufficiency of the security, and not to the form or conditions or obligations of the bond.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Frank A. Goss against Nash Turner. Judgment for plaintiff, and defendant appeals. Judgment appealed from annulled, and judgment entered.

Delvaille H. Theard, of New Orleans, for appellant.

Edmond J. Jacquet, Charles A. Byrne, and Mark M. Boatner, all of New Orleans, for appellee.

O'NIELL, J. Plaintiff, claiming ownership of three race horses and their equipment of saddles, bridles, halters, blankets, etc., obtained a writ of sequestration, by virtue of which the property was seized by the sheriff. The defendant having failed to release the property on bond within the 10 days allowed by article 279 of the Code of Practice, plaintiff obtained an order of court permitting him to release the property from seizure by furnishing a bond for $30,000, conditioned as the law directs. The law referred to is article 280 of the Code of Practice, which declares that the surety on such a bond shall be responsible that the principal shall not send the property out of the jurisdiction of the court, that he, shall not make an improper use of it, and that he will faithfully present it, after definitive judgment, in case he shall be ordered to restore it to the opposing claimant. Instead of furnishing a bond containing the conditions required by the Code of Practice, plaintiff furnished a bond containing the strange stipulations that, if Frank A. Goss should remove the property out of the jurisdiction of the court, and, on

the court's order, should return it within 20 days, and if he should faithfully present the property in case he should be ordered to restore it to the civil sheriff, or, if he should satisfy such judgment as might be rendered in the suit, then the obligation should be void; otherwise it should remain in full force.

About 10 months after the property had been released defendant's attorney filed a motion calling the court's attention to the fact that the release bond furnished by plaintiff did not conform with the requirements of article 280 of the Code of Practice, and obtained a rule ordering plaintiff to furnish a new bond within the time allowed by law, or to show cause why the bond already filed should not be decreed insufficient and contrary to law, and why the order permitting the release of the property on bond should not be rescinded and the property returned to the sheriff.

Plaintiff in the case, being defendant in the rule, filed exceptions of vagueness and of no cause of action and a plea of prescription of 20 days. The exceptions were sustained by the court, and the rule was dismissed. Defendant in the suit, being plaintiff in the rule, has appealed from the judgment.

Appellee has filed a motion to dismiss the appeal on the ground that the judgment appealed from was only an interlocutory order or decree that could not cause irreparable injury, and that the suit was yet pending on its merits and had not been tried when this appeal was taken.

[1, 2] One of the tests as to whether any particular interlocutory order or decree is one from which an appeal may be taken is to see whether the ruling might come up for review on an appeal from a judgment on the merits of the case. If the party complaining of such a ruling cannot obtain relief by reserving a bill of exceptions and awaiting judgment on the merits of the case, he is, as a general rule, entitled to an appeal from the interlocutory order or decree complained of. The issue presented by this appeal could not come up for review on an appeal from a judgment on the merits of the case. If appellants should have allowed the property sequestered to remain released from seizure without a valid and sufficient bond, a judgment in his favor on the merits of the case, or an appeal from an unfavorable judgment on the merits, might be of no avail whatever.

The motion to dismiss the appeal is therefore overruled.

[3] Appellee's exception of vagueness has no merit. The motion or rule at which it was directed contained the averment, specifically, that the bond which appellee had furnished did not conform with the requirements of article 280 of the Code of Practice.

[4] It appears from the argument of counsel for appellee that his exception of no cause of action is founded upon the general rule that the surety on a statutory bond is bound by the obligations imposed by the statute, and only for those obligations, without strict regard for the conditions stated in the bond. Article 280 of the Code of Practice does not merely prescribe the form or conditions of the bond to be given for the release of sequestered personal property, but declares what the obligations of the surety on such a bond shall be. Hence it may be that the surety on the bond given in this case is as well bound by the obligations stipulated in article 280 of the Code of Practice as if the bond had been written accordingly. But we are not now called upon to decide that question, and therefore we express no opinion on the subject. It is sufficient to say that appellant is entitled to have a bond containing the conditions and obligations prescribed by the Code.

[5] Appellee's plea of prescription is based upon article 226 of the Code of Practice, which, with regard to a bond given for the

release of an arrested debtor, declares that, if no exception be taken to the sufficiency of the security taken by the sheriff within 20 days, no such exception shall ever afterwards be allowed, and the bond shall be assigned by the sheriff to the plaintiff in the case. The article has reference only to the question of sufficiency of the security, not to the form or conditions or obligations of the bond. Assuming that article 226 is applicable to bonds releasing sequestered property, the plea of prescription in this case is not well founded. It may be said, in justice to the attorney for appellant, that the apparent neglect to observe sooner that the bond complained of did not conform with the requirements of the Code is very likely due to the fact that there was a change in the personnel of the attorneys representing appellant, who is not a resident of this state.

It is suggested by counsel for appellant that the time within which appellee might have furnished a new bond in lieu of the one complained of, according to Act. 112 of 1916 (p. 241), has expired, and that the property released from seizure should therefore be ordered returned to the sheriff. It is not necessary to decide whether the right to furnish a new bond was held in suspense while appellee was, presumably in good faith, insisting that the bond already furnished was valid and sufficient; for, if we should peremptorily order the property returned to the sheriff, appellee would have the right immediately to release it again on bond.

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the civil sheriff of the parish of Orleans shall take possession of the property sequestered and released from seizure, unless within two days after the date on which this decree shall become final the plaintiff, Frank A. Goss, shall furnish a new bond for $30,000, with solvent surety, and containing the conditions and obligations prescribed by article 280 of the Code of Practice. All costs of this proceeding are to be borne by appellee.