(110 So. 340)

No. 28104.

## RAYNE STATE BANK v. MOUTON.

## In re HIBERNIA BANK & TRUST CO.

(Nov. 2, 1926.)

*(Syllabus by Editorial Staff.)*

I. Witnesses ⚖══16.

Even party to litigation cannot be compelled to transport books and papers, from one parish to another, and a fortiori third persons cannot be compelled to do so.

2. Witnesses ⚖══16—Sworn copies of books and papers may be procured from third person by litigant, at his own expense, and used in his defense in another parish where necessary.

Litigant is entitled to interrogate adverse party or third person as to contents of material books or papers, and to procure, at his own expense, sworn copies thereof, and such copies may be used by defendant in another parish where necessary to his defense.

Original prohibition by the Hibernia Bank & Trust Company against the district court in the parish of Lafayette, for relief against an order obtained by Fernand Mouton, defendant, in a suit in which the Rayne State Bank was plaintiff, requiring relator to produce before said court certain books, papers, documents, and writings in relator's possession. Writ granted.

Dufour, Goldberg & Kammer, of New Orleans (Justin V. Wolff, of New Orleans, of counsel), for relator Hibernia Bank & Trust Co.

Burke & Smith, of New Iberia, for respondent.

ST. PAUL, J. In a suit pending between plaintiff and defendant, in the parish of Lafayette, the defendant sought and obtained an order directing the relator, Hibernia Bank & Trust Company, to produce before the district court in said parish of Lafayette, certain books, papers, documents, and writings then in the possession of said relator at its domicile in the parish of Orleans; and the trial judge being about to insist upon compliance with his said order, the relator applied to this court for relief by writ of prohibition.

I.

[1] It is well settled that even a party to the litigation cannot be compelled to transport his books, papers, documents, and writings from one parish to another; and a fortiori third persons cannot be compelled to do so. Cooper v. Polk, 2 La. Ann. 158; Ludeling v. Frellsen, 4 La. Ann. 534; Murison v. Butler, 18 La. Ann. 296; Cain v. Pullen, 34 La. Ann. 511; La. Farm Bureau v. Bacon, 159 La. 169, 105 So. 278.

II.

[2] The defendant complains that such a rule denies him the right to obtain evidence necessary for his defense, to which he would otherwise be entitled; but "it is well settled in such cases, that sworn copies of the papers desired will suffice." Cain v. Pullen, 34 La.

Ann. 511, 515, citing 2 La. Ann. 158, 4 La. Ann. 534, and 18 La. Ann. 296, all supra. And nothing said in Cain v. Pullen, supra, about the objection to compelling a party to leave his books and papers with a commissioner "for an indefinite time" to be examined by whosoever will, conflicts with the undoubted right of a litigant to interrogate the other party or a third person as to the contents of material books and papers, and to procure (at his own expense) sworn copies thereof.

### Decree.

It is therefore ordered that the writ of prohibition herein issued be now made perpetual; defendant to pay the costs hereof.