BRUNOT, Justice.
 

 Tbe relator is a corporation organized and existing under tbe laws of New York. It qualified to do business in this state by complying with the provisions of section 1 of article 2 of Act No. 105 of 1898, and it established an office in the city of New Orleans for the transaction of its business. After being legally authorized to do business in this state, it issued a policy in the sum of $10,000 on the life of the plaintiff’s deceased husband, in which policy the plaintiff is named as the beneficiary.
 

 It is alleged in the petition that the policy was in full force and effect at the date of the death of the assured, and that there is due the plaintiff thereunder the sum of $5,-540, being the difference between the face value of the • policy and the loans made to the assured thereon prior to his death. The defense is that the policy had lapsed prior to the death of the assured, and that the sum borrowed thereon was the exact value of the policy at that time.
 

 After issue was joined, documents in the possession of the defendant were considered necessary to establish the value of the policy at the date of the death of the assured, and the plaintiff applied to the court and obtained the issuance of a subpoena duces tecum directing the defendant to produce them in court. The following documents were called for:
 

 “The original life insurance policy, No. 920,112, and all ledger sheets, account sheets, books, documents, papers, letters, correspondence, writings and records relative to said contract of insurance No. 920,112, on the life of Ernest M. Loeb, and all papers, documents, writings, ledger sheets, account sheets, records, files, etc., with reference to premium payments thereon, loan agreements thereon, loans made by the assured and beneficiary, payment of such loans, and interest, refunds or dividends on such policy, cancelled checks showing payment of such refunds or dividends and the application thereof, from the date of the inception of said policy to the present date, as well as the minutes of the stockholders’ meetings and Board of Directors’ meetings during the years 1927, 1928, and 1929, at which were adopted resolutions authorizing the distribution of refunds or dividends to policy-holders based on actuarial reports for the years 1925, 1926 and 1927, and the actuarial tables upon which such distribution was made.”
 

 The defendant moved the court to vacate and set aside the order directing the issuance of the siubpcena duces tecum for two reasons: First, because the defendant is a nonresident corporation, and it cannot be compelled to bring the original books, records, and documents called for, from its home office, in New York, for the purposes of this trial; and, second, because there is no, necessity for imposing such a burden upon the defendant, for the plaintiff may examine the defendant’s officers, and cause them to attach to their an
 
 *569
 
 swers to interrogatories copies of all writings listed in the motion for the subpoena duces tecum.
 

 The motion to vacate the order directing the issuance of the subpoena duces tecum was heard and overruled, ¿nd, on the relation of the defendant, this court issued a writ of certiorari and a rule upon the trial judge and the plaintiff to show cause on February 5, 19-34, why the relief prayed for by the relator should not be granted. In response thereto the record has been sent up and the trial judge has filed a return in which his reasons for the ruling complained of are clearly and exhaustively set forth. After quoting Code Prae. arts. 140, 143, 473, and 475, the respondent judge says:
 

 “These articles are unequivocal and unambiguous ; they are positive in their declaration of your respondent’s right to order a party litigant to produce into Court it's books and papers which are material in the cause, provided the adverse party, requesting their production, declare on oath what are the facts he intends to establish by such books, papers and other documents. The only excuse which these articles of the Code of Practice recognize for the non-production of such books and papers, is satisfactory evidence of the impossibility of producing such documents.
 

 “Upon the argument before your respondent of- relator’s motion to vacate the order, no defense was offered that it was impossible to bring its books into court. No evidence of such impossibility was tendered by it. On the contrary, your respondent specifically asked- counsel for the relator whether or not it was impossible to produce the books, documents and papers, etc., described in the order of subpoena duces' tecum, in reply to which question relator stated that it was not impossible, that it was entirely possible, but that relator’s defenses to your respondent’s order- were solely based on the lack of authority of your respondent to issue the order, and the inconvenience and hardship to which compliance would put the relator.
 

 “The first exception of relator to the authority of your respondent, as Judge of the Civil District Court, to issue the writ of subpoena duces tecum, is predicated upon the false premise that the simple fact of it being a foreign corporation with its principal office in the city of New York exempts it from compliance with the order of your respondent. Had relator never qualified to do business in the State of Louisiana, or established, in pursuance of such qualification, a business office in the city of New Orleans, this exception might be tenable.”
 

 Counsel for relator cite several authorities, to which we will hereinafter refer, in support of each of the following well-recognized principles of law, viz., that a litigant cannot be compelled to transport his books, papers, documents, etc., to the court of a parish other than that in which he has his domicile, and that either party to a suit has an adequate remedy > at law, by interrogatories to be taken under commission, for securing the production of sworn copies of all documents called for that may be in the possession or under the control of the person to whom the interrogatories are propounded.
 

 
 *571
 
 The respondent judge held that these principles of law do not apply where, as in this case, the order is issued to a domesticated corporation by a court legally functioning in the jurisdiction in which the corporation has its principal office in this state.
 

 The cases cited by relator are Cooper v. Polk, 2 La. Ann. 158; Ludeling v. Frellsen, 4 La. Ann. 538; Cain v. Pullen, 34 La. Ann. 511; Rayne State Bank v. Mouton, 162 La. 251, 110 So. 340; Interstate Rice Milling Co. v. Hibernia Bank & Trust Co. et al., 176 La. 308, 145 So. 548.
 

 In the Cooper-Polk and Ludeling-Frellsen Cases, the subpoena duces tecum was directed to natural persons domiciled in parishes different from that in which the suit was pending. In the Cain-Pullen Case the court held that the law of this state did not" authorize tb,e appointment, by the court, of a commissioner, to whom the books and papers of a commercial house must be delivered for examination. In Rayne State Bank v. Mouton, the court held that, inasmuch as a party to the litigation cannot be compelled to transport books and papers from one parish to another, a fortiori a third person could not be compelled to do so. In that case the subpoena duces tecum was directed to a domestic corporation, domiciled in a parish other than that in which the suit was pending. In Interstate Rice Milling Co. et al. v. Hibernia Bank & Trust Co. et al., the issue was whether or not, under the statute permitting the cross-examination of the adversary, the plaintiff could take the depositions of the defendants who resided in the state, but outside of the territorial jurisdiction of the court before which the case was pending.
 

 We fail to see in what respect these eases have application to the case at bar. In this case the relator corporation has its principal place of business in this state in the city of New Orleans, in the jurisdiction of the court that issued the subpoena duces tecum, but the relator contends that its corporate domicile in Louisiana is in the parish of East Baton Rouge, and that the civil district court has jurisdiction over it for the purposes of suit only by virtue of Act No. 130 of 1926, which act provides that suits upon life insurance policies may be brought “at the domicile of the deceased or his beneficiary.” The relator’s contention does not impress us. It was not the intention of the lawmakers to permit foreign corporations to do business in this state under more favorable conditions than those prescribed by law for domestic corporations. In the case of State v. American Railway Express Co., 159 La. 1001 (page 1011 of the opinion), 106 So. 544, 547, this court said:
 

 “Thus it will be seen that the act could not have said in terms more sweeping than those used that foreign corporations doing business in this state * * * should be on a footing of exact equality with domestic corporations, subject to the same duties and obligations and entitled to the same powers, rights, and privileges. And such, in effect, we found to be the meaning of the act in Burgin Bros. v. Barker Baking Co., 152 La. 1075, 95 So. 227.”
 

 This expression of the court is in accord with the jurisprudence, so far as we know,
 
 *573
 
 of every state in the Union. Ina'smueh as the relator corporation is on a footing of exact equality with domestic corporations, that its principal place of business in this state is in New Orleans, where the deceased resided at the time of his death and where, by virtue of Act No. 130 of 1926, it is suable, we cannot confuse the question of domicile with that of the corporation’s designated agent through whom judicial process must be served upon it. To do so would, in suits brought under the provisions of Act No. 130 of 1926, against domesticated corporations, deprive our citizens of processes of the courts which are available to them in suits against domestic corporations, notably, the power to enforce compliance with the subpoena duces tecum.
 

 The exact question presented by relator has not heretofore been considered by this court, that is to say, that; where suit is authorized by statute to be brought in a certain jurisdiction, if brought there, the processes of the court are not available to the plaintiff to the same extent as if the suit had been brought in the jurisdiction where the relator’s designated agent, for the service of process against it, resides.
 

 Inasmuch as this suit is pending at the domicile of the deceased, and the relator’s principal place of business is in that jurisdiction, we think, for the reasons stated, that the writ and rule to show cause issued herein should be recalled and vacated at relat- or’s cost, and it is so ordered.
 

 ST. PAUL, J., absent.