**169 So. 570**

### LOEB v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

No. 33846.

June 30, 1936.

Rayl & Loeb, of New Orleans, for appellant.

Rosen, Kammer, Wolff & Farrar, of New Orleans, for appellee.

ODOM, Justice.

Plaintiff sued the Equitable Life Assurance Society to recover $5,540, alleged to be due her under a policy of insurance is-

sued by defendant on the life of her deceased husband. The defendant answered, denying liability on the ground that the policy had lapsed for nonpayment of premiums, and that when the policy lapsed the surrender value thereof was $4,460, and that the company had loaned the assured on the policy exactly that amount. Therefore the policy had no value at the time the insured died.

Plaintiff asked for and was granted a subpœna duces tecum ordering the defendant to produce the original life insurance policy, its ledger sheets, account sheets, books, documents, papers, letters, correspondence, writings, and records relating to the contract of insurance which is the basis of the suit, together with other papers and documents especially mentioned.

Defendant contested the right of plaintiff to have it produce these records in New Orleans, where the suit was brought, on the ground that all such documents and records as were called for were in the state of New York, where defendant has its domicile and principal place of business. After considerable litigation over this question, the case finally reached this court. We affirmed the judgment of the lower court holding that defendant should produce the documents and records called for or copies of them. 179 La. 566, 154 So. 453.

After the ruling of this court became final, counsel for plaintiff filed a motion in the trial court for judgment pro confesso on the ground that defendant had refused to produce the documents called for, preferring to litigate plaintiff's right to have them produced. This motion was overruled by the trial judge.

Defendant then produced photostatic copies of its records pertaining to the policy which was the basis of the suit, together with its return stating that it had complied with the court's order. Counsel for plaintiff were given time in which to examine the documents produced and ascertain whether, in their opinion, the defendant had substantially complied with the court's order. Being of the opinion that the defendant was in default, in that it had not produced all of the records necessary, counsel for plaintiff filed another motion for judgment pro confesso, under article 140 of the Code of Practice, which provides that: "On the refusal of the party thus called upon to comply with the order of the court, the facts stated and sworn to shall be considered as having been confessed, unless satisfactory evidence be shown of the impossibility of producing such documents."

After the trial of the motion to take judgment pro confesso, the trial judge held that the defendant had not fully complied with the order, and ordered that a judgment pro confesso against the defendant be entered. He subsequently set this judgment aside and granted defendant a new trial. From that ruling plaintiff suspensively appealed to this court.

Appellee has moved to dismiss the appeal on the ground that the judgment appealed from is interlocutory and not final.

Article 565 of the Code of Practice provides that: "One may appeal from all *final judgments* rendered in causes in which

an appeal is given by law, whether such judgments have been rendered after hearing the parties, or by default" (italics ours); and article 566 says that: "One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury."

The judgment appealed from is not a final judgment. It did not trench upon the merits of the case. "Definitive or final judgments are such as decide all the points in controversy, between the parties." Code Prac. art. 539.

This so-called judgment was a ruling on a preliminary matter brought up in the course of the proceedings. "Interlocutory judgments do not decide on the merits; they are pronounced on preliminary matters, in the course of the proceedings." Code Prac. art. 538.

No appeal lies from interlocutory judgments unless such judgments may cause irreparable injury. Just what irreparable injury appellant will or can suffer from this judgment is hard to imagine. If the trial judge erred in his ruling, the error can be corrected on appeal to this court from a judgment on the merits. In Goss v. Turner, 149 La. 327, 89 So. 20, it was held that: "One of the tests as to whether any particular interlocutory order or decree is one from which an appeal may be taken is to see whether the ruling might come up for review on appeal from a judgment on the merits of the case, and if the party complaining of such a ruling cannot obtain relief by reserving a bill of exceptions and awaiting judgment on the merits of the case, he is, as a general rule, entitled to an

appeal from the interlocutory order or decree complained of." Paragraph 1, syllabus.

If counsel for plaintiff think that it is necessary, in order to enable them to make out their case against the defendant, that certain documents in addition to those already produced should be brought forward and filed by the defendant, and if the trial judge finally rules that these documents are not necessary, counsel for plaintiff may reserve a bill of exception, and, if judgment goes against their client in the trial court on the merits, they may appeal to this court and have the ruling of the judge corrected. Therefore appellant can suffer no irreparable injury on account of the ruling made in this case.

In the case of Bossier's Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553, Justice Monroe stated the reasons why there should be no appeal from interlocutory judgments which may not cause irreparable injury. He said:

"We therefore usually understand by the term 'final judgment' that judgment which, disposing of all the issues not previously disposed of by interlocutory judgments, is the last judgment which the court renders. If this be not so, there may be, in any given case, as many appeals as there are issues presented, and as the law authorizes the cumulation of separate actions in the same demand (Code Prac. art. 148), a single suit may be infinitely divided, with divisions and subdivisions pending, at the same time, in different courts. The judgment now under consideration does not dispose of all the points in controversy between the parties, nor does it cause the parties against whom

it was rendered irreparable injury, and, in neither of these respects, is its character affected by the fact that it bears the judge's signature."

The books are full of cases holding that appeals may be taken from interlocutory judgments, but in all the cases so holding the court found that the judgment might work irreparable injury.

For the reason that the judgment appealed from is interlocutory and that no irreparable injury can result therefrom, the appeal in this case is dismissed.