PER CURIAM.
Plaintiff-appellee moves for a dismissal of the appeal taken by defendant on the ground that the judgment appealed from is but an interlocutory one which can cause defendant no irreparable injury, and, therefore, it is unappealable.
The .record shows that plaintiff brought two suits for damages in tort against defendants in personam, the first of which was filed in the United States District Court for the Eastern District of Louisiana, and the other suit was lodged in the Civil District Court for the Parish of Orleans. It is conceded that the parties in the two suits are identical and that the actions are founded on the same cause of action.
The plaintiff prosecuted her case in the federal court, and after a trial by jury on the merits thereof, she recovered judgment for the sum of $2,750. We are told by counsel that the plaintiff has appealed the judgment to the United States Court of Appeals for the Fifth Circuit.
After being awarded the judgment in the federal court, plaintiff then endeavored to *66 activate her suit pending in the Civil District Court, whereupon defendant moved the court to exercise its discretion and stay-all further proceedings before it because a trial and judgment has already been had in the United States District Court in which plaintiff elected to prosecute her suit to judgment and that the stay should be granted until such time as the judgment in the federal court becomes executory in order to avoid an unseeming conflict in jurisdiction as between the state and federal courts. Plaintiff was ordered by rule to show cause why all further proceedings should not be stayed until the judgment in the suit pending in the United States District Court becomes final. This rule was regularly heard and argued before the Civil District Court, and in due course the judge a quo rendered a judgment denying a stay of proceedings and dismissing the rule, and from this judgment and ruling defendant perfected the appeal now before this court, which plaintiff-appellee has moved us to dismiss.
Counsel argue pro and con the correctness and propriety of the judgment denying the stay of proceedings, but with that question we have no concern because we cannot at this time review the judgment nor pass on the merits of the case. The only question presented by the motion to dismiss the appeal is — Did the defendant have the right to appeal from the judgment?
The judgment was interlocutory as defined by Code of Practice art. 538:
“Interlocutory judgments do not decide on the merits; they are pronounced on preliminary matters, in the course of the proceedings.”
Regarding the appealability of interlocutory judgments, Code of Practice art. 566 recites:
“One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury.”
The above article makes it certain that it is not the policy of the law to permit a lawsuit to reach the appellate court in fragments or piecemeal, which would result if all interlocutory judgments were made appealable. An interlocutory judgment may not be appealed from unless the element of irreparable injury is present.
It seems very clear to us that the action of the lower court refusing to hold that defendant was entitled to a stay of proceedings until the federal suit was finally disposed of would not work an irreparable injury to defendant, and if the stay was improvidently refused, such error may be corrected by appeal from the final judgment to be rendered after a trial of the case on the merits, as such an appeal would carry with it for review the correctness of the interlocutory judgment denying the stay. We feel that the refusal to grant an order to stay proceedings is analogous to the action of a trial judge in refusing to grant a continuance in the case, and by virtue of such ruling in either event, no irreparable damage would accrue and thus the interlocutory decree could not be appealed from. It is too well settled to require a citation of authorities that the refusal to grant a continuance in a case is a matter which addresses itself to the discretion of the judge and from which no direct appeal is allowable, the ruling on the motion for a continuance being a matter which the appellate court will consider on an appeal from the judgment on the merits.
In Goss v. Turner, 149 La. 327, 89 So. 20, 21, the Supreme Court said:
“One of the tests as to whether any particular interlocutory order or decree is one from which an appeal may be taken is to see whether the ruling might come up for review on an appeal from a judgment on the merits of the case. If the party complaining of such a ruling cannot obtain relief by reserving a bill of exceptions and awaiting judgment on the merits of the case, he is, *67 as a general rule, entitled to an appeal from the interlocutory order or decree complained of. * * * ”
The motion to dismiss the appeal, we believe, is well taken. Perhaps in the instant case it would have been different had the appeal been taken by plaintiff from a judgment making the rule absolute, as there might have been irreparable injury to plaintiff by reason of an unreasonable delay caused by the judgment.
For the above reasons, the appeal taken herein by defendant is dismissed and the case is remanded to the lower court.
Appeal dismissed; remanded.